H. C. RICHARD v. M. G. McNAIR, as Receiver of the PUTNAM NATIONAL BANK OF PALATKA, a National Banking Association, *et al.*

164 So. 836.

Opinion Filed November 12, 1935.

Rehearing Denied January 6, 1936.

734

*Thomas B. Dowda,* of Palatka, for Petitioner.

*Julian C. Calhoun,* of Palatka, and *W. A. MacWilliams* and *Frank D. Upchurch,* both of St. Augustine, for Respondents.

SHIELDS, Circuit Judge.—In this case a writ of certiorari was issued by this Court to review and quash an Order of the Circuit Court of Putnam County made in proceedings supplementary to execution in a cause lately pending therein wherein M. G. McNair, as Receiver of the Putnam National Bank of Palatka, a National Banking Association, was plaintiff, and Ryan Bros., Inc., a corporation, was defendant. The writ was issued to said Receiver and the Clerk of said Court on the petition of H. C. Richard, who was a prior judgment creditor of the defendant, Ryan Bros., Inc., but who was not a party either to the original suit of the Receiver against Ryan Bros., Inc., or to the proceedings

supplementary to execution in said suit. Due return has been made to the writ by said Clerk and the case is here on motion of the respondent Receiver to quash the writ. The record discloses the facts hereinafter stated.

The petitioner, H. C. Richard, recovered a judgment in the Circuit Court of Putnam County on February 16, 1934, against Ryan Bros., Inc., in the sum of $1,500.00, attorney's fees and costs, and on March 16, 1934, execution was issued on said judgment and delivered to the Sheriff of Putnam County, in whose hands judgments of three other creditors of said defendant were placed for enforcement at the same time. Under said execution said Sheriff sold certain personal property of the defendant to the petitioner and executed and delivered a bill of sale therefor subject to certain taxes, which were subsequently paid by petitioner. The proceeds of said sale were credited pro rata on the judgment of petitioner and the other execution creditors, and petitioner's judgment is still in full force and effect and no moneys have been paid thereon except the pro rata share of the sum realized by said sale. Subsequent to said purchase and the payment of said taxes petitioner sold said personal property to Ryan's Furniture Exchange, Inc., a corporation, but only part of the purchase price has been paid and a substantial part thereof is now owing and unpaid by said Ryan's Furniture Exchange, Inc.

M. G. McNair, as Receiver of the Putnam National Bank of Palatka, a National Banking Association, recovered a judgment in the Circuit Court of Putnam County on March 13, 1934, against said Ryan Bros., Inc., in the sum of $20,786.53 and costs. Petitioner was not a party to said action at law brought by said Receiver and has not been made a party thereto. On July 13, 1934, execution was issued on said judgment recovered by said Receiver against

Ryan Bros., Inc., and delivered to the Sheriff of Putnam County, who on August 15, 1934, returned said execution unsatisfied.

On September 19, 1934, said McNair, as Receiver, plaintiff in said last mentioned action, filed in said Circuit Court of Putnam County an affidavit under Section 4540, *et seq.*, Compiled General Laws of Florida, 1927, for proceedings supplementary to execution setting up his said judgment, the issuance and return unsatisfied of said execution and showing that one C. B. Ryan is the president of said judgment debtor, Ryan Bros., Inc., and resides in Putnam County. Upon consideration of said affidavit the Judge of said Court on September 19, 1934, made an Order allowing a hearing as provided by said Sections 4540, *et seq.*, and appointing one R. B. Revels, Esquire, as Commissioner and ordering said defendant in execution, Ryan Bros., Inc., to be and appear before said Commissioner on the 5th of October, 1934, to be examined concerning its property. Hearings in said proceedings were had from time to time by said Commissioner, at which evidence was introduced in behalf of said McNair, as Receiver, but no evidence was introduced in behalf of the judgment debtor, Ryan Bros., Inc. While said proceedings were still pending and on or about December 29, 1934, petitioner was served with notice to appear before said commissioner in said proceedings' to be interrogated concerning his aforesaid judgment and all facts surrounding the transaction resulting in obtaining said judgment. On January 3, 1935, petitioner filed his objections to said notice to appear and upon consideration thereof the Judge of said Court on January 22, 1935, sustained said objections and dismissed said notice to appear. It also appears that a witness subpoena was issued to pe-

titioner, but that he never testified in said proceedings as a party to the controversy being heard.

On February 19, 1935, said Commissioner filed his report, containing the testimony taken by him and also his findings on both the facts and the law. On March 15, 1935, on consideration of said report the Circuit Judge made an Order whereby he confirmed and approved the same and ordered and adjudged that said judgment obtained by the petitioner, Richard, was fraudulent as against the plaintiff, McNair, as Receiver, and that all the assets taken and sold under execution on said judgment to the petitioner and later transferred by him to Ryan's Furniture Exchange, Inc., "should be restored and full restitution made"; and whereby said Circuit Judge further ordered and adjudged that said Ryan's Furniture Exchange, Inc., is a mere continuation of the business of said Ryan Bros. Inc., and that all the stock, fixtures and equipment now held in the name of Ryan's Furniture Exchange, Inc., is the property of said Ryan Bros., Inc., and that the transfers and assignments of the personal property as disclosed by said Commissioner's report between Ryan Bros., Inc., and Ryan's Furniture Exchange, Inc., were made without consideration and devised by Ryan Bros., Inc., of fraud and collusion for the purpose of hindering, delaying and defrauding its creditors, including the said McNair, as Receiver, and that said transfers and assignments are utterly void; and whereby the Clerk of said Court was directed to deliver to the Sheriff thereof a certified copy of said Order together with the execution issued on the 13th day of July, 1934, and thereafter returned *"nulla bona"*; and whereby said Sheriff was directed to take all of the personal property acquired by the petitioner, Richard, at Sheriff's sale and subsequently sold by him to Ryan's Furniture Exchange, Inc., and all the stock,

fixtures and equipment now held in the name of Ryan's Furniture Exchange, Inc., for the satisfaction of said execution issued July 13, 1934.

The writ of certiorari was issued on April 3, 1935, and on April 25, 1935, M. G. McNair, as Receiver of Putnam National Bank of Palatka, filed in this Court his motion to quash the writ on grounds substantially as follows: (1) That under statutory proceedings supplementary to execution the Circuit Court has power, where it appears a conveyance of personal property has been made with intent to defraud creditors, to direct the Sheriff to take such personal property of a person not a party to the supplementary proceedings for the satisfaction of the execution; (2) that Section 4545, C. G. L., provides a remedy for petitioner if he feels injured by the order rendered by the Circuit Court herein; (3) that it appears from the record that the Circuit Court has not exceeded the jurisdiction conferred upon it as to proceedings supplementary to execution; (4) that petitioner has failed to show wherein he had been injured by the Order rendered by the Circuit Court in the supplementary proceedings; (5) that it appears from the record and has been found by the Circuit Court that petitioner's judgment is void within the meaning of Section 5771, C. G. L.; (6) that Sections 4515 and 4516, C. G. L., afford petitioner other remedies than certiorari; (7) that it appears from the record that the Circuit Court has followed the statutory procedure and that petitioner has other remedies provided by statute and therefore certiorari is not applicable; (8) that it appears from the Order made by the Circuit Court, which petitioner alleges would be an usurpation of jurisdiction, that petitioner has parted with his claim to all property affected by said Order and to which

he formerly held a claim by virtue of his judgment and purchase at execution sale.

From the above it will be seen that this case is a companion case and grew out of the same facts and circumstances as the case of Ryan's Furniture Exchange, Inc., v. McNair, *et al.,* 162 So. 483, in which opinion by Mr. Justice Davis was filed at this term of the Court. That opinion presents a most able, clear and full statement of the principles of law involved in that case and also governs and controls the decision in the present case. Not only are the facts and circumstances on which the two cases are based the same, but the proceedings and pleadings in both cases are substantially the same except in two respects: First, the petitioner in this case is a different person and claims different rights from those claimed by the petitioner in that case, and, second, the respondent Receiver, in addition to the main grounds urged in the first case, has moved the Court to quash the writ here on other grounds supposed to be warranted by the difference in the circumstances and rights of the parties.

The petitioner in the first case, Ryan's Furniture Exchange, Inc., was the purchaser from the petitioner in this case, Richard, of certain personal property acquired by the latter at execution sale under a judgment he had received and which was declared fraudulent and void by the Order complained of.

One of the additional grounds of attack, appearing in the fourth and eighth grounds of the formal motion, is substantially, that the petitioner has failed to show wherein he has been injured by the Order of the Circuit Court in the supplementary proceedings since it appears he has parted with his claim to all of the property affected by said Order. If it were true that petitioner had no rights

to be affected by the Order he could not complain of it. However, the contrary, for the purpose of this case, is the fact, as the record shows that the petitioner paid for the property in question at execution sale the sum of $500.00, part of which was credited on his judgment and part on the judgments of three other judgment creditors; that thereafter petitioner paid on said personal property, State, county and city taxes in the amount of $201.25, and that subsequently petitioner sold said personal property to Ryan's Furniture Exchange, Inc., but that all of the purchase price has not been paid and that a substantial portion of the same now remains owing and unpaid by said vendee. All of these transactions and the petitioner's ability to collect the balance due him on his judgment and also the balance of the purchase price of said personal property from his vendee depend upon the validity of the judgment which the Order of the Circuit Court, made in the supplementary proceedings, decreed to be fraudulent and void.

The second additional ground of attack is shown by the fifth ground of the formal motion by which respondent Receiver claims that the Circuit Court by its Order in the supplementary proceedings decreed petitioner's judgment to be void within the meaning of Section 5771, C. G. L., and that being so void the respondent had the right to an order directing the Sheriff to levy his execution against Ryan Bros., Inc., on property fraudulently transferred by means of the sale under petitioner's judgment.

Section 5771, C. G. L., is a re-enactment of the statute 13 Elizabeth, Chapter 5. Under its provisions a judgment creditor may treat an attempted fraudulent transfer of property to which his debtor had the legal title as a nullity and sell said property under execution as though no transfer by connivance had been made. But that method of pro-

cedure is obviously often inconvenient, uncertain and dangerous and the fact that the creditor may resort to it does not interfere with his right to disregard it and seek a judicial determination of the nullity of the transfer.

Logan v. Logan, 22 Fla. 561;

Balsley v. Union Cypress Co., 92 Fla. 706, 110 So. 263;

Punta Gorda State Bank v. Wilder, 93 Fla. 301, 112 So. 569;

Stelle, *et al.,* v. Dennis, *et vir.,* 104 Fla. 384, 140 So. 194.

And in considering that statute, Section 5771, C. G. L., this Court has said:

"While the statute described the transfer as void, in reality it does no more than confer a course of action upon the creditor. It would follow that the creditor may if he chooses affirm the transaction in a given case which would end the matter and he cannot afterwards bring suit to set it aside. Such a conveyance is not, as has sometimes been supposed, utterly void, but merely voidable at the instance of creditors proceeding in the method provided by law. Glenn or Creditor's Rights and Remedies, Sec. 82."

George E. Sebring Co., *et al.,* v. O'Rourke, *et al.,* 101 Fla. 885, 134 So. 556.

But in this case the respondent did not elect to proceed under Section 5771 without calling upon the aid of a court, but in the supplementary proceedings has sought to discover and subject to his judgment property claimed to have been fraudulently transferred and has sought and obtained from the Circuit Court an Order adjudging and declaring said transfer to be fraudulent and void.

Proceedings supplementary to execution were first provided for in Florida by Chapter 7842, Acts of 1919, appearing as Sections 4540 to 4549, C. G. L., of 1927, and since its passage this statute has been before this Court in nu-

merous cases. Such proceedings are considered a substitute for a creditor's bill in chancery and provide a useful, efficacious and salutary remedy at law enabling the judgment creditor not only to discover assets which may be subject to his judgment, but to subject them thereto by a speedy and direct proceeding in the same court in which the judgment was recovered. The statute should be given a liberal construction so as to afford to the judgment creditor the most complete relief possible.

Ryan's Furniture Exchange, Inc., v. McNair, 162 So. 483;

Florida Guaranteed Securities v. McAllister, 47 Fed. (2nd) 762;

State, *ex rel.* Phoenix Corporation, *et al.,* v. Viney, 163 So. 57.

Under the statutes of some of the States the courts have no power to bring in as parties to the proceedings third persons against whom the plaintiff may seek relief and in those States the operation of the proceedings is limited to the parties to the main suit.

10 R. C. L. 1374;

Freeman on Executions (3rd Ed.) Secs. 394 and 398a;

Note to Lathrop v. Clapp (40 N. Y. 328);

100 Am. Dec. 493 at 502.

But our statute is not subject to that criticism. Under it the judges have the power and it is their duty to bring in and implead third parties wherever it appears relief against them may be warranted. The constitutional guarantee of due process requires that the rights of third persons claiming adversely both to the plaintiff and defendant in execution should not be finally adjudicated unless such persons have been first fully impleaded and brought into the proceedings as actual parties and given opportunity to

present their claims as parties on the issues made up including questions as to whether conveyances of property of the judgment debtor are voidable as to them.

Ryan's Furniture Exchange, Inc., v. McNair, *supra;*

Florida Guaranteed Securities v. McAllister, *supra;*

State, *ex rel.* Phoenix Corporation, *et al.,* v. Viney, *supra;*

Freeman on Executions (3rd Ed.) Sec. 411.

Richard, the petitioner in this case, was not made, nor attempted to be made, a party to the supplementary proceedings; he was never afforded an opportunity to present his claim as a party, yet the Circuit Court, by its Order, declaring his judgment to be fraudulent and ordering that the property sold thereunder "should be restored and full restitution made," attempted to make a final adjudication of his rights. That Order was void and ineffectual as to him.

One section of the Act, Section 4545, C. G. L., provides, in effect, that when it appears a transfer of any personal property has been made with intent to defraud creditors the court conducting the supplementary proceedings may enter an order that the transfer be void, and direct the Sheriff to take the property for the satisfaction of the execution; that after levy, any person aggrieved may file a claim and bond as in other cases; but that the Sheriff shall seize no property exempt by law, nor any property in the hands of a *bona fide* purchaser without notice. Clearly this section contemplates that the order shall be made on a *prima facie* showing, but it does not contemplate that it shall operate, as was attempted in this case, to finally adjudicate the rights of any person who has not been afforded an opportunity to be heard, for instance, the rights of one claiming to be a *bona fide* purchaser from the debtor.

Another section of the Act, Section 4548, C. G. L., provides that any judge having any proceeding provided for in the Act before him, may make any such orders as within his discretion may seem meet in regard to carrying out the full intent and purpose of the Act to subject any property or property rights of any defendant to the satisfaction of any execution against him. Under this section the court has full power and jurisdiction to make all lawful orders to render the remedy effective.

Ryan's Furniture Exchange, Inc., v. McNair, *supra;*

Florida Guaranteed Securities v. McAllister, *supra.*

In the exercise of the ample discretion granted by the statute, no order directing the Sheriff to take any property alleged to have been fraudulently transferred, should be made on the *prima facie* showing contemplated by Section 4545 unless every person whose rights may be affected thereby, and who is not already a party to the proceedings, be by said order impleaded and made a party thereto and afforded by the terms of said order full right to be heard and cited and directed to file an answer setting up his claim to the property within a reasonable time to be fixed by the order, a copy of which should be served upon him. And in the exercise of that discretion no such preliminary order should be made unless the Judge be satisfied, either by affidavit, or by other evidence before him, that the application of the plaintiff therefor is well founded and made in good faith, and in every proper case security should be required for the protection of any third person who claims title or possession of any property ordered seized.

The property being thus brought into the power of the Court and protected from dissipation, concealment or further transfer, the Court should forthwith proceed to determine the issue.

. If the claimant fails to answer within the time required and the Judge be satisfied from the evidence before him that the alleged transfer is void and that the seized property is subject to the execution, he should enter a default against the claimant and order the Sheriff to sell the property to satisfy the execution.

But if the claimant answers and asserts an adverse claim to the property seized, the issue thus presented should be, on demand of either party, submitted for the determination of a jury on whose verdict an appropriate judgment may be entered and execution issued, which judgment· may be reviewed by writ of error.

State, *ex rel.* Phoenix Corporation, *et al.,* v. Viney, *supra;* Freeman on Executions (3rd Ed.) 'Sec. 418.

For the reasons stated the Order of the Circuit Court is quashed on certiorari and the cause is remanded to the Circuit Court for such appropriate proceedings as are not inconsistent with this opinion.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.