47 So.2d 769 (1950)
RILEY et ux.
v.
FATT.
Supreme Court of Florida, Division B.
July 28, 1950.
Rehearing Denied September 25, 1950.
*770 Ward & Ward and Myers, Heiman & Kaplan, all of Miami, for appellants.
Jack Kehoe, Miami, for appellee.
SEBRING, Justice.
The appeal is from an order in a supplementary proceeding entered in favor of the judgment creditor by the Circuit Court of Dade County, Florida.
Robert H. Fatt, Jr., brought suit for breach of contract against Riley Builders, Inc., a Florida corporation engaged in the general contracting business. He procured a final judgment in the cause on March 11, 1947. Approximately 14 months later he instituted supplementary proceedings in aid of execution, averring in his affidavit the fact of the rendition of the judgment; that execution on the judgment had been returned unsatisfied; that the corporation against which the judgment was procured "is, and was at the time of the accrual of the cause of action on which said judgment was based, managed, operated and controlled by one Alonzo P. Riley, its president * * * that affiant believes and has reason to believe that the said defendant corporation has sufficient goods, chattels, lands, tenements and effects to satisfy said execution, but that the same is held, nevertheless, in the custody and control of the said Alonzo P. Riley, or in the name of Clara E. Riley, wife of the *771 said Alonzo P. Riley"; and that Alonzo P. Riley and Clara E. Riley, his wife, should be examined by a commissioner to be appointed by the court "concerning the property of the said * * * Riley Builders, Inc., and to show cause, if any they can, why the property, lands, tenements, chattels and effects of the said * * * Riley Builders, Inc., in their or either of their names, custody or control, should not be subjected to the satisfaction of said execution." See Secs. 55.51-55.61 inclusive, Florida Statutes 1941, F.S.A.
Based upon this affidavit an order was entered by the Circuit Court of Dade County appointing a commissioner and directing him "to examine as to the defendant corporation's property and to make a report thereof, together with his findings of fact and law * * *." A hearing was subsequently held before the Commissioner on the issues, the Rileys being the sole witnesses. From the evidence submitted the Commissioner filed a report which contained the following findings:
Riley Builders, Inc. was incorporated in 1936 by Alonzo P. Riley and two other persons who were purportedly familiar with the contracting business; Riley was the sole stockholder; he invested $4,800 of the original $5,000 at which the corporation was capitalized. He was the president of the corporation and drew a salary of $50 a week for his services. The corporation has failed to maintain any records of its business transactions since the date of its incorporation and has failed to keep books showing the payment for or subscription to stock. The corporation had a contract with Fatt for certain improvements, and all checks given for work, labor and materials were made payable by Fatt to the corporation. None of these checks were deposited in the bank to the account of the corporation, but to the contrary, were endorsed either by Alonzo P. Riley, or Clara E. Riley, his wife. The corporation became inactive at the beginning of World War II. Riley and wife, jointly and severally, own certain real property in Miami. This property was acquired prior to the rendition of the judgment and prior to the time of the incorporation of Riley Builders, Inc. Riley had a personal banking account. He had a small amount of equipment which he claimed to have rented to the corporation for $50 per month.
From these findings the Commissioner arrived at the conclusion that "Riley Builders, Inc. was in truth and in fact a front and sham for Alonzo P. Riley and the alter ego of Alonzo P. Riley;" that a rule nisi should be issued to Riley and wife "directing them to show cause, if any they have, why the judgment entered against Riley Builders, Inc. should not be satisfied out of assets which they own and held in their own names," and that the court should enter an appropriate order "decreeing that Alonzo P. Riley and Clara E. Riley were in truth and in fact the real parties in interest and judgment debtors, and that the corporation, Riley Builders, Inc. was a fraud and a sham upon the creditors."
Predicated upon the report of the Commissioner, the Court issued a rule directed to Riley and his wife, requiring them to show cause why the judgment obtained against the corporation should not be satisfied out of the assets held jointly or severally in their names, and why an order should not be entered adjudicating that they "were in truth and in fact the real parties in interest and the real judgment debtors, and that the corporation, Riley Builders, Inc., was but a sham."
A motion to quash the rule was denied and thereupon the respondents answered, alleging, substantially, with respect to Riley Builders, Inc.: that the corporation was and is still a bona fide corporation organized under the laws of Florida in 1936; that Fatt entered into a contract with the corporation in the regular course of its business and that the transaction was corporate and not personal; that Riley had never had a general contractor's license authorizing him to engage in the general contracting business in the City of Miami but that since its incorporation the corporation had always had such a license; that the corporation maintained its own bank account; that it entered into many building contracts and completed projects aggregating *772 hundreds of thousands of dollars; that it carried in its own name various types of insurance such as workmen's compensation, liability, and theft which are required in the operation of a general contracting business; that it did business with a large number of material men and subcontractors involving large sums of money; that it filed in its own name as a corporate entity social security returns, unemployment compensation returns and federal income tax returns; that it was accepted by the public, the building industry and various governmental units as a corporation; that it filed its annual corporation reports with the Secretary of State of the State of Florida and paid all requisite stock and franchise taxes; that Alonzo P. Riley was general manager and president of the corporation and was paid a salary for his services; that he entered into a contract with Fatt in behalf of the corporation not as an individual which was known and accepted by Fatt; that no assets of the corporation are or ever have been in the possession of the respondents; that at no time was Clara E. Riley an officer, director, stockholder or member of the corporation nor was she connected with the corporation financially or otherwise.
The cause came on for hearing before the Circuit Judge on the issues made by the rule and the answer. At the hearing thirteen witnesses were produced by Riley and testified in support of the answer. In addition to this testimony, books and records of the corporation were put in evidence by Riley; including the original returns or copies thereof of the various taxes alleged to have been paid by the corporation and records setting out minutely the expenditures during the course of various contracting jobs undertaken by the corporation. As was the case when the matter was originally heard before the Commissioner, no evidence was submitted to the Circuit Judge by Fatt, the moving party.
After all of the evidence was in the Circuit Judge entered his order adjudicating that "the judgment obtained by the Plaintiff herein against the defendant, Riley Builders, Inc., a corporation, shall be satisfied out of any property or assets owned by or held in the names of the said Alonzo P. Riley and Clara E. Riley, either individually, jointly, or severally, to the full extent as though said judgment had in the first instance been entered against the said Alonzo P. Riley and Clara E. Riley" and finding that "Riley Builders, Inc., a corporation, is in fact a front and sham for the said Alonzo P. Riley and Clara E. Riley, and that said corporation is but the alter ego of the said Alonzo P. Riley and Clara E. Riley."
The present appeal is from this order.
It is first contended by Riley and his wife that the Circuit Court was without power to set aside the corporate entity and transfer liability on the judgment to them, in the proceeding supplementary to execution, but we cannot agree with this contention. Sections 55.52-55.61, Florida Statutes 1941, F.S.A. are intended to give to the Circuit Courts broad discretionary powers with respect to judgments so as to enable them to enforce the execution of a valid judgment against the property or property rights of any defendant no matter how or where concealed. As said in some of the cases, the statutes are intended to afford to a judgment creditor the most complete relief possible in satisfying his judgment. See Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483; State ex rel. Phoenix Tax Title Corporation v. Viney, 120 Fla. 657, 163 So. 57; Richard v. McNair, 121 Fla. 733, 164 So. 836. To accomplish this purpose the proceeding may be employed as a substitute for a creditor's bill in equity. Richard v. McNair, supra.
In legal contemplation such a proceeding constitutes a separate legal cause from that of the main suit in which the judgment is procured, Orange Belt Packing Co. v. International Agr. Corp., 112 Fla. 99, 150 So. 264, and the adverse parties are given their day in court and are thereby afforded due process by an opportunity to answer the allegations of a rule nisi issued in the proceedings.
It is our conclusion, on the first contention, that under the statutes providing for proceedings supplementary to execution the Circuit Court had the power to *773 direct an inquiry into the corporate entity and to make an order thereon in accordance with evidence submitted under the rule nisi and the answer, after the defendants had been afforded full opportunity to prove their defenses.
It is next contended by the appellants that the evidence submitted under the pleadings was not sufficient to warrant the entry of an order piercing the corporate veil and the imposition of personal liability upon the appellants for the judgment entered against the corporation.
As to this contention, there is little doubt from the record that Riley Builders, Inc. was a "one-man" corporation completely dominated by Alonzo P. Riley. There is little doubt that the funds of the corporation were not handled by Riley with the degree of care to be expected from a well-managed corporation. But these facts standing alone are not sufficient to authorize a court to go behind the corporate entity and fasten personal liability upon Riley, much less, upon his wife who was not even an officer, director or stockholder of the corporation.
The rule is that the corporate veil will not be pierced, either at law or in equity, unless it be shown that the corporation was organized or used to mislead creditors or to perpetrate a fraud upon them. See South Florida Citrus Land Co. v. Waldin, 61 Fla. 766, 55 So. 862; Biscayne Realty & Ins. Co. v. Ostend Realty Co., 109 Fla. 1, 148 So. 560; 14 C.J. 61, Corporations, § 22; 18 C.J.S., Corporations, §§ 6, 7, page 376, et seq. There is no indication in the record that the corporation was organized as a subterfuge or for the purpose of enabling its members to escape, avoid or evade personal responsibility other than in a proper and legal manner. Compare Bellaire Securities Corporation v. Brown, 124 Fla. 47, 168 So. 625. Every indication is that throughout the course of the transaction from which the law suit and judgment arose Fatt considered that he was dealing with Riley Builders, Inc., as a corporate entity and that he treated it as such even up to the time of filing his affidavit in this supplementary proceeding. In the absence of pleading and proof that the corporation was organized for an illegal purpose or that its members fraudulently used the corporation as a means of evading liability with respect to a transaction that was, in truth, personal and not corporate, Fatt cannot be heard to question the corporate existence but must confine his efforts to the remedies provided by law for satisfying his judgment from the assets of the corporation, if any can be found. See 18 C.J.S., Corporations, §§ 109, 111, pages 504, 513; Jackson Sharp Co. v. Holland, 14 Fla. 384; Booske v. Gulf Ice Co., 24 Fla. 550, 5 So. 247; Duke v. Taylor, 37 Fla. 64, 19 So. 172, 31 L.R.A. 484, 53 Am.St.Rep. 232; Alropa Corporation v. Myers, D.C., 55 F. Supp. 936.
It may well be that some of the assets of the corporation were wrongfully diverted by the Rileys  we find the evidence too inadequate to make a finding in this respect. But if corporate funds were so diverted the law provides several appropriate remedies for their recapture. See, for example, Secs. 55.52-55.61, 62.37, Florida Statutes 1941, F.S.A.
Certain it is that on the evidence appearing in the record the judgment creditor has not made out a case entitling him to have the judgment obtained by him against the corporation treated as though it were a personal judgment obtained against the Rileys.
It follows from the conclusions reached that the judgment appealed from should be reversed; without prejudice to the right of the execution creditor to apply to the Circuit Court for the appointment of a Commissioner to inquire further into the whereabouts of the assets of the corporation, if any can be found, or to pursue such other appropriate remedy in law or in equity as he may be advised and as the complete facts surrounding the original transaction between the parties will justify.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.