143 So.2d 227 (1962)
Anna TOMAYKO, Appellant,
v.
Martha J. THOMAS, a/k/a M. Janice Thomas, Appellee.
No. 61-794.
District Court of Appeal of Florida. Third District.
June 19, 1962.
Rehearing Denied August 7, 1962.
*228 Blackwell, Walker & Gray and Melvin T. Boyd, Miami, for appellant.
Thomas A. Horkan, Jr., Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
PEARSON, TILLMAN, Chief Judge.
Martha J. Thomas, who is the appellee here, was the plaintiff in the circuit court. She was granted a final decree against John B. Tomayko. The final decree found that she was entitled to certain money which was in the hands of said John B. Tomayko. She didn't get the money.
Thereafter in the same cause, plaintiff-appellee filed a petition for rule nisi in which she alleged the entry of the final decree; and that the defendant, John B. Tomayko, in response to certified questions had stated that on January 3, 1955, he had transferred $10,000 of the money due plaintiff to an account in the name of his wife, Anna Tomayko, as trustee for John Tomayko. In the petition for rule nisi, the plaintiff prayed that the defendant's wife, Anna Tomayko, and the First Federal Savings & Loan Association of Miami be joined as parties defendant and that they be required to show cause why they should not deliver the money in the alleged account to the plaintiff.
Based on this petition, the court entered a rule nisi whereby it ordered that Anna Tomayko and First Federal Savings & Loan Association "are hereby joined as parties defendant in this cause". This rule nisi further found that a prima facie showing had been made that certain trust assets were in the possession of Anna Tomayko and the First Federal Savings & Loan Association and ordered them to show cause why they should not be required to pay and deliver such trust assets to the plaintiff.
The rule nisi was duly served upon Anna Tomayko. Anna Tomayko appeared before the court at the time specified in the rule nisi and filed a special appearance attacking the jurisdiction of the court on constitutional grounds. The court struck the special *229 appearance. Thereupon the court entered the following order:
"This cause coming on to be heard before me on the Rule Nisi heretofore entered on October 12, 1961; and it appears to this Court that this Rule was served on ANNA TOMAYKO as Defendant, and on FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF MIAMI as Defendant, on October 17, 1961, and each of the said Defendants filed, at the hearing on the Rule, special appearances contesting the jurisdiction of this Court, which special appearances were stricken upon the motion of the Plaintiff. This Court asked on two occasions that all witnesses who were going to testify at this hearing stand and be sworn. However, no witnesses were sworn, and no testimony or evidence of any nature was offered by any of the Defendants, and no cause was shown by any of the Defendants why the relief sought by the Plaintiff in her Petition for Rule Nisi should not be granted. It appears from the record in this cause, that trust assets consisting of $10,000.00 in cash were transferred by the trustee, JOHN B. TOMAYKO, to a savings account in the Defendant savings and loan association on January 3, 1955, such account being held in the name of ANNA TOMAYKO as trustee for JOHN B. TOMAYKO, and that the said funds and all interest or profits arising therefrom remain impressed with the trust, of which the beneficiary is the Plaintiff, MARTHA J. THOMAS, which trust is the subject matter of the Summary Final Decree in this cause. It is, therefore:
"ORDERED, ADJUDGED and DECREED as follows:
"1. That the Defendant, ANNA TOMAYKO, is ordered and directed to forthwith pay over to the Plaintiff, MARTHA J. THOMAS, the said sum of $10,000.00 together with all interest or profits realized from the said sum, or from the said savings account."
This appeal is from that order. The appellant, Anna Tomayko, urges that inasmuch as she was not a party to the original proceedings, she could not be made a party thereto without service of process; and the service of the rule to show cause was not such process as would make her a party defendant. It is argued that error was committed when the order of the circuit judge directed her to turn over certain money to the plaintiff. We think that the position of the appellant is well-founded.
The traditional process for reaching assets of a judgment debtor is a creditor's bill. Armour Fertilizer Works v. First National Bank of Brooksville, 87 Fla. 436, 100 So. 362. Statutory proceedings supplementary to execution[1] may be substituted for a creditor's bill under certain circumstances. George E. Sebring Co. v. O'Rourke, 101 Fla. 885, 134 So. 556, 561. Richard v. McNair, 121 Fla. 733, 164 So. 836, 840. Riley v. Fatt, Fla. 1950, 42 So.2d 769, 772. In each case where such proceedings are followed, the rights of third parties may not be adjudicated unless such third parties have been first fully impleaded and as parties given an opportunity to adequately present their defenses,[2] since these statutes must be enforced so as to afford due process. Ryan's Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 162 So. 483.
The appellee urges that the procedure followed was essentially the same as that provided for proceedings supplementary to execution by §§ 55.52-55.61, Fla. Stat., F.S.A. We must point out, however, that the instant order was not entered pursuant to proceedings supplementary to execution. The plaintiff-appellee did not comply with *230 the requirements of the statute by having an execution issued and returned unsatisfied and by making the affidavit required, nor was any other procedural step set forth in the chapter taken.
The protection afforded by the constitutional guarantee of due process of law extends, of course, into every type of legal proceeding. In observing due process of law, the opportunity to be heard must be full and fair, not merely colorable or illusive. Ryan's Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 162 So. 483. We do not know whether the appellant, Anna Tomayko, had a defense; but it is apparent that her only opportunity to present one was orally at a hearing after the judge had struck her special appearance. Thus, it cannot be said that appellant had a full and fair opportunity to be heard since she was not afforded a chance to file defenses in writing, nor does the record reflect a full hearing at which the appellee established her claim to the property in question.
It appearing that Anna Tomayko was not made a party defendant to the original proceeding or to a proceeding supplementary to execution, and it further appearing that said Anna Tomayko was not afforded a reasonable opportunity to present what defenses she might have had, it therefore follows that the order appealed must be reversed.
Reversed.
NOTES
[1] Sections 55.52-55.61, Fla. Stat., F.S.A.
[2] Richard v. McNair, 121 Fla. 733, 164 So. 836. Ryan's Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 162 So. 483.