MacMILLAN, HUGH, Associate Judge.
The petitioner herein seeks review of an order of the Florida Real Estate Commission dated September 23, 1968, suspending his registration as a real estate broker. The principal assault by the petitioner, who was named as a defendant in an information detailing certain charges against him and filed before the said commission, is that he was not permitted to file through his counsel a motion to quash the information without simultaneously filing a verified answer. The petitioner declined to file such an answer until such time as the motion to quash he tendered might be filed before the said commission and duly ruled upon by that administrative body. We hold that the contention of the petitioner is not tenable.
The Florida Real Estate Commission, hereinafter referred to as the Commission, was created by and functions under Chapter 475, Florida Statutes 1967, F.S.A. The law in question is referred to as the “Real Estate License Law” and provides, among other things, for the creation of a Commission to educate, regulate and discipline, when necessary, salesmen and brokers in the real estate business for the protection of the public. Through pertinent statutes supplemented by rules of the Commission, a method is provided for administratively proceeding in an orderly manner and resolving matters within the jurisdiction of the Commission.
The Commission authorized the filing of an information on June 14, 1968 against the petitioner charging him with certain violations of Chapter 475, Florida Statutes, F.S. A. The petitioner was thereafter properly notified of the action, and instead of filing a verified answer to the information on or before July 8, 1968 (the return date named in the notice), he attempted to file timely a motion to quash the information. The filing of this motion was refused by the Commission. The petitioner’s counsel was apprized of the procedural requirements and afforded an opportunity to file a verified answer along with a motion to quash simultaneously, if he so desired. This suggestion was declined.
Thereafter, after notice to counsel for petitioner, a hearing was held on August 12, 1968, at which time counsel for petitioner was present before the Commission, and an order of default was entered on August 13, 1968, against the petitioner for his failure to file a verified answer. After notice to *880 counsel for petitioner of a hearing on September 9, 1968, the Commission granted a motion for the entry of a final order. At this hearing neither the petitioner nor his counsel appeared. The final order entered pursuant to this hearing was entered on September 23, 1968, and ordered that petitioner’s registration as a real estate broker be suspended for a period of two years.
It appears that the final order based on the default entered against the petitioner was proper. Hime v. Florida Real Estate Commission, Fla. 1952, 61 So.2d 182.
Although Sections 475.26 and 475.-30(3), Florida Statutes, F.S.A., refer in the disjunctive to the filing of an “answer or motion to quash” to an information, there is clarification of this phraseology in Section 475.30(1), as follows:
“The defendant named in an information shall file with the commission a verified answer thereto, and, if he be so advised, a motion to quash the information, on or before the date fixed in the notice required by § 475.26.”
This language is clear, and when applied to phrases in the Sections in which the term “or” is used with reference to an answer or a motion to quash, the meaning and intent thereof should be construed as conjunctive and not disjunctive. 30 Fla. Jur., Statutes, § 94; Pompano Horse Club, Inc. v. State, 1927, 93 Fla. 415, 111 So. 801, 52 A.L.R. 51; Pinellas County v. Woolley, Fla.App.1966, 189 So.2d 217; Dotty v. State, Fla.App.1967, 197 So.2d 315.
The Commission promulgated in April, 1962, Rule 315A-16.01, which provides in substance that the Commission will not permit a motion to quash to be filed unless the defendant also files timely a verified answer, and, further, that the case will proceed on default in the event the defendant fails to file a verified answer. This rule in part is as follows :
“315A-16.01 Motion to quash and answer. —The language as contained in subsection 475.30(1) F.S., is construed to mean that both an answer and a motion to quash shall be filed within the time specified in Section 475.26 F.S. A motion to quash not accompanied by an answer will be returned to the party or his counsel filing the same unless an answer is filed within the time required, or any authorized extension thereof, and a default will be entered.”
This rule was not attacked by the petitioner. The administrative interpretations of the Commission are entitled to great weight. In the case of Jonas v. Florida Real Estate Commission, Fla.App.1960, 123 So.2d 264, the court stated as follows :
“The findings of fact, orders and rulings of the Commission, as well as the administrative interpretations, are required to be given great weight in order to carry out the purposes and objectives of the law regulating real estate brokers.”
 Proceedings before the Commission on an information against a registered salesman or broker, as defendant, are administrative and not criminal in nature. Thus, such defendant has no vested right to any particular remedy or form of proceeding so long as due process is observed. Hargis v. Florida Real Estate Commission, Fla.App.1963, 153 So.2d 836. The statutory provision requiring the filing of a sworn answer to the information does not violate the constitutional guaranty against self-incrimination. Robins v. Florida Real Estate Commission, Fla.App.1964, 162 So.2d 535.
Due process is afforded a defendant when he is given an opportunity to defend by the filing of an answer in writing and by being heard. Advertects Inc. v. Sawyer Industries, Fla.1955, 84 So.2d 21; Tomayko v. Thomas, Fla.App.1962, 143 So.2d 227.
The petitioner has not been denied due process of law. Under the existing *881 procedural rules and applicable laws, if the petitioner had filed an answer to the information (as required) and also a motion to quash, all proceedings in his case would “abate” until the motion to quash was heard and disposed of by the Commission. If the motion to quash were denied by the Commission, the order denying such motion would be reviewable in the appropriate appellate court on certiorari. Sections 475.-30(2) and 475.35, Florida Statutes, F.S.A.; Robins v. Florida Real Estate Commission, supra.
Accordingly, the petition for a writ of certiorari is denied.
OWEN, J., concurs.
CROSS, C. J., dissents, with opinion.