**MISSION BAY CAMPLAND, INC., a Delaware Corporation, Plaintiff,**

v.

**SUMNER FINANCIAL CORPORATION a Florida Corporation, and John C. Sumner, Defendants.**

No. 70–645–Civ–J–S.

United States District Court,
M. D. Florida,
Jacksonville Division.

June 2, 1976.

Charles P. Pillans, III, Bedell, Bedell, Dittmar & Zehmer, Jacksonville, Fla., for defendants.

John H. Wilbur and Christine A. Rieger, Jacksonville, Fla., for plaintiff.

## ORDER TO SHOW CAUSE

CHARLES R. SCOTT, District Judge.

The Court has before it motions to modify its order of February 17, 1976. By that order, the Court sought to grant the motion of defendant, Sumner Financial Corporation, for supplementary, postjudgment proceedings in aid of execution on a judgment rendered for defendant on July 16, 1971. Pursuant to Fed.R.Civ.P. 60(a), the Court on its own motion will correct the clerical error occurring throughout its order of February 17, 1976, by replacing the erroneous term 'interplead' with the correct term 'implead'.

What defendant sought in its motion, that the Court endeavored to grant by the order of February 17, 1976, was an order authorizing supplementary, postjudgment proceedings against corporate nonparties. Defendant has been unable to satisfy its judgment, despite efforts through postjudgment discovery and writs of execution and garnishment. Defendant now seeks to implead as involuntary plaintiffs and counterclaim defendants those corporate nonparties who defendant alleges participated in fraudulent transfers of plaintiff's assets, to thwart defendant from satisfying its judgment.

Plaintiff opposes this, arguing that it is an attempt to pierce the corporate veil of the other, nonparty corporations under the theory that they are alter egos for plaintiff. To do that, plaintiff contends, there must be evidence clear and convincing to indicate fraud, not mere allegations of fraud. However, defendant rejoins that its theory in seeking supplementary, postjudgment proceedings is not that the corporate nonparties are alter egos of plaintiff, necessitating that their corporate veils be pierced. Instead, defendant contends that its theory is that there have been fraudulent transfers of assets by plaintiff to the corporate nonparties, thwarting defendant's satisfaction of its judgment, and requiring the supplementary, postjudgment proceedings requested, regardless of the relationship corporately or otherwise of plaintiff to those corporate nonparties. After an adversary hearing, the Court found defendant's theory to be a proper one, warranting such supplementary, postjudgment proceedings as were sought.

Fed.R.Civ.P. 69, however, provides in part:

. . . The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought

. . . . .

Consequently, the procedural law of Florida concerning postjudgment proceedings controls unless there are federal statutes to the contrary. The pertinent Florida law concerning supplementary, postjudgment proceedings is Florida Statutes Sec. 56.29 (1969).[1]

---

1. Fla.Stat. Sec. 56.29 (Supp.1976) provides:
Proceedings supplementary

(1) When any sheriff holds an unsatisfied execution, the plaintiff in execution may file an affidavit so stating and that the execution is valid and outstanding and thereupon is entitled to these proceedings supplementary to execution.

(2) On such plaintiff's motion the court shall require the defendant in execution to appear before it or a master at a time and place specified by the order in the county of the defendant's residence to be examined concerning his property.

(3) The order shall be served in a reasonable time before the date of the examination in the manner provided for service of summons or may be served on such defendant or his attorney as provided for service of papers in the rules of civil procedure.

(4) Testimony shall be under oath, shall be comprehensive and cover all matters and things pertaining to the business and financial interests of defendant which may tend to

■ Under the decisional law interpreting and applying the provisions of Florida Statutes Sec. 56.29, there are two jurisdictional prerequisites for supplementary, postjudgment proceedings: (1) a returned and unsatisfied writ of execution; and (2) an affidavit averring that the writ is valid and unsatisfied, along with a list of third persons to be impled. *Tomayko v. Thomas,* 143 So.2d 227, 229–30 (3d D.C.A.Fla.1962). Once those jurisdictional criteria are met, however, the "statute should be given a liberal construction so as to afford to the judgment creditor the most complete relief possible." *Richard v. McNair,* 121 Fla. 733, 164 So. 836, 840 (1935); *Ryan's Furniture Exchange, Inc. v. McNair,* 120 Fla. 109, 162 So. 483, 487 (1935); *General Guaranty Ins. Co. of Fla. v. DaCosta,* 190 So.2d 211, 213 (3d D.C.A.Fla.1966). Defendant in this case

> show what property he has and its location. Any testimony tending directly or indirectly to aid in satisfying the execution is admissible. A corporation must attend and answer by an officer who may be specified in the order. Examination of witnesses shall be as at trial and any party may call other witnesses.
>
> (5) The judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.
>
> (6) (a) When, within 1 year before the service of process on him, defendant has had title to, or paid the purchase price of, any personal property to which his wife, any relative, or any person on confidential terms with defendant claims title and right of possession at the time of examination, the defendant has the burden of proof to establish that such transfer or gift from him was not made to delay, hinder, or defraud creditors.
>
> (b) When any gift, transfer, assignment or other conveyance of personal property has been made or contrived by defendant to delay, hinder or defraud creditors, the court shall order the gift, transfer, assignment or other conveyance to be void and direct the sheriff to take the property to satisfy the execution. This does not authorize seizure of property exempted from levy and sale under execution or property which has passed to a bona fide purchaser for value and without notice. Any person aggrieved by the levy may proceed under §§ 56.16–56.20.
>
> (7) At any time the court may refer the proceeding to a master who may be directed to report findings of law or fact, or both. The

has filed with the Court his unsatisfied writs of execution and garnishment, as well as his affidavit that those writs are valid and remain unsatisfied.

■ The authority and duty of the Court to implead third persons is past question. *Richard v. McNair,* 121 Fla. 733, 164 So. at 840. Impleading those persons whose interest may be affected by the Court's rulings is necessary both to acquire jurisdiction over them, and to afford them the essential elements of procedural due process. *Id.,* 121 Fla. 733, 164 So. at 840, 841; *Ryan's Furniture Exchange, Inc. v. McNair,* 120 Fla. 109, 162 So. at 487; *State ex rel. O'Dare v. Kehoe,* 189 So.2d 268, 269 (3d D.C.A.Fla.1966); *Tomayko v. Thomas, supra,* 143 So.2d at 229; *Florida Guaranteed Securities, Inc. v. McAllister,* 47 F.2d 762,

> master has all the powers thereof, including the power to issue subpoena, and shall be paid the fees provided by law.
>
> (8) A party or a witness examined under these provisions is not excused from answering a question on the ground that his answer will tend to show him guilty of the commission of a fraud, or prove that he has been a party or privy to, or knowing of a conveyance, assignment, transfer, or other disposition of property for any purpose, or that he or another person claims to have title as against the defendant or to hold property derived from or through the defendant, or to be discharged from the payment of a debt which was due to the defendant or to a person in his behalf. An answer cannot be used as evidence against the person so answering in any criminal proceeding.
>
> (9) The court may enter any orders required to carry out the purpose of this section to subject property or property rights of any defendant to execution.
>
> (10) Any person failing to obey any order issued under this section by a judge or master or to attend in response to a subpoena served on him may be held in contempt.
>
> (11) Costs for proceedings supplementary shall be taxed against the defendant as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees.
>
> Fla.Stat. Sec. 56.29 replaced former Fla.Stat. Secs. 55.55 and 55.60. *See* Note, *Collection Pursuant to Florida's Supplementary Proceedings in Aid of Execution,* 25 U.Miami L.Rev. 596, 607–633 (1971).

765 (S.D.Fla.1931). Such impleading, however, does not imply liability on the part of the implied third persons. *General Guaranty Ins. Co. of Fla. v. DaCosta,* 190 So.2d at 214. It provides them with an opportunity to raise their defenses and protect their interests in a forum of genuine due process. *Id.; Tomayko v. Thomas,* 143 So.2d at 229, 230. The fundamentals of procedural due process are (1) a hearing (2) before an impartial decision-maker, after (3) fair notice of the charges and allegations, (4) with an opportunity to present one's own case. *Goss v. Lopez,* 419 U.S. 565, 578–79, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); *Fuentes v. Shevin,* 407 U.S. 67, 80–82, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Goldberg v. Kelly,* 397 U.S. 254, 267–68, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 343, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) (Harlan J., concurring); *Schrank v. Bliss,* 412 F.Supp. 28, 41 (M.D.Fla.1976); *Harper v. Cooper,* 226 So.2d 878, 880 (4th D.C.A.Fla.1969). The burden of proof reposes upon the judgment creditor to prove his claim to have judgment entered against the impled third parties, as if it had been entered against them personally in the original final judgment. *Riley v. Fatt,* 47 So.2d 769, 773 (Fla.1950).

Consequently, the Court will grant defendant's motion to implead the corporate nonparties listed in its affidavit; and the Court will order those corporate third persons to show cause why the assets now in their possession or control, allegedly transferred to them by plaintiff, should not be declared fraudulently acquired, the transfers voided, and those assets levied upon to satisfy defendant's judgment.

Moreover, pursuant to Florida Statutes Sec. 56.29(7), the Court will refer the supplementary, postjudgment proceedings to the Honorable Harvey E. Schlesinger, United States Magistrate, for hearing before him, after which he shall make appropriate findings of fact and conclusions of law for the Court to review in reaching its decision.

Accordingly, it is now

ORDERED:

(1) On its own motion, and pursuant to Fed.R.Civ.P. 60(a), the Court hereby amends and corrects its order of February 17, 1976, by replacing the erroneous term "interplead" with the correct term "implead".

(2) Plaintiff's motion that the Court modify its order of February 17, 1976, is hereby denied.

(3) Defendant's motion that the Court modify its order of February 17, 1976, is hereby granted.

(4) The Court's order of February 17, 1976, is hereby modified to provide:

(a) Defendant's motion for supplementary, postjudgment proceedings, allowing defendant to implead as involuntary plaintiffs and counterclaim defendants the McMillen Corporation, Peninsular Life Insurance Company, Peninsular Fire Insurance Company, Peninsular Title Insurance Company, and Penn Enterprises, Inc., is hereby granted.

(b) McMillen Corporation, Peninsular Life Insurance Company, Peninsular Fire Insurance Company, Peninsular Title Insurance Company, and Penn Enterprises, Inc., are hereby impled as involuntary plaintiffs and counterclaim defendants to this cause for the purpose of supplementary, postjudgment proceedings in aid of execution.

(c) McMillen Corporation, Peninsular Life Insurance Company, Peninsular Fire Insurance Company, Peninsular Title Insurance Company, and Penn Enterprises, Inc., are hereby ordered to show cause in writing, within twenty (20) days from the date of service of process of this order, why the assets in their possession or control, allegedly transferred to them by plaintiff, should not be declared fraudulently acquired, the transfers voided, and the assets levied upon to satisfy defendant's judgment.

(d) In the event that the involuntarily impled plaintiffs and counterclaim defendants respond to this order, the Honorable Harvey E. Schlesinger, United States Magistrate, shall set a day certain hearing before him on the issue of fraudulent transfers of assets for supplementary, postjudg-

ment proceedings, after which he shall make findings of fact and conclusions of law and report them to the Court.

(e) The United States Marshal for the Middle District of Florida, is hereby ordered to serve a copy of this order upon an officer, a managing or general agent, or such other agent as is authorized to accept service of process for each of the above-named, corporate third persons who are hereby impled.