416 So.2d 1240 (1982)
John C. NEFF, Appellant,
v.
Milton ADLER and Martin L. Carlin, Appellees.
No. 80-2129.
District Court of Appeal of Florida, Fourth District.
July 21, 1982.
*1241 Don A. Lynn and Gregory P. Borgognoni of Shutts & Bowen, Miami, for appellant.
William D. Ricker, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees.
GLICKSTEIN, Judge.
In 1977 appellees obtained a final judgment in Broward County against John C. Neff, Trustee, and other joint venturers for a brokerage commission, which we subsequently affirmed in Neff v. Adler, 362 So.2d 300 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1371 (Fla. 1979). The judgment was not against Neff individually.
Appellees first unsuccessfully sought to have the courts of Tennessee, where Neff resided, enforce the judgment against his personal estate. The Tennessee Court of Appeals affirmed the Chancellor's order limiting recovery to the trust estate. Thereafter, appellees tendered Neff interrogatories in aid of execution. In his answers, Neff, who used a Nashville, Tennessee, address, stated he was the trustee, settlor, and beneficiary of the trust when it was created in Nashville in 1972. The other settlor and beneficiary was a resident of Fort Lauderdale, Florida. The trust or trustee, Neff said, received sums totaling $93,222.22 from the joint venture in Florida real estate of which he, as trustee, was a joint venturer. These sums he said he distributed to himself and the other beneficiary in late 1973 and early 1974 while he acted as trustee. He stated he had no knowledge of appellees' claim for a brokerage commission until after the distributions had been made.
At that point, appellees filed, in the Broward County action wherein the judgment had been obtained, a motion to set aside the distributions to the two beneficiaries as fraudulent conveyances, a motion to determine effect of judgment and a motion to implead Neff and the other beneficiary individually.[1] The trial court granted the motion to implead, directed appellees to serve appellant with copies of the order and the three motions and gave appellant twenty days after service in which to respond. Appellant was personally served and timely filed a corrective motion to quash service of process and dismiss for lack of jurisdiction over his person. Subsequently he filed a supplemental affidavit, which was not an affidavit because it contained an acknowledgment, not a jurat.[2] The trial court denied appellant's motion and this appeal followed.
*1242 The transcript of the hearing reflects the parties respectively were arguing apples and oranges. Appellees relied upon Taylor v. Richmond's New Approach Association, 351 So.2d 1094 (Fla. 2d DCA 1977), cert. denied, 366 So.2d 885 (Fla. 1978), which dealt with the personal liability of trustees. Jurisdiction was never at issue in that case because the appellants were sued individually and as trustees. Neff relied upon this court's decision in A.B.L. Realty Corp. v. Cohl, 384 So.2d 1351 (Fla. 4th DCA 1980), and maintained appellees had not alleged sufficient facts in their three motions upon which the trial court could base an order acquiring personal jurisdiction over him.
Appellees contend that what occurred in the trial court was "part of the proceedings supplementary begun against Neff and his partners," presumably pursuant to section 56.29, Florida Statutes (1979).[3] Regarding that section, Judge Scott, in Mission Bay Campland, Inc. v. Sumner Financial Corp., 71 F.R.D. 432, 434-435 (M.D.Fla. 1976), eruditely stated:
Under the decisional law interpreting and applying the provisions of Florida Statutes Sec. 56.29, there are two jurisdictional prerequisites for supplementary, postjudgment proceedings: (1) a returned and unsatisfied writ of execution; and (2) an affidavit averring that the writ is valid and unsatisfied, along with a list of third persons to be impled. Tomayko v. Thomas, 143 So.2d 227, 229-30 (3d D.C.A. Fla. 1962). Once those jurisdictional criteria are met, however, the "statute should be given a liberal construction so as to afford to the judgment creditor the most complete relief possible." Richard v. McNair, 121 Fla. 733, 164 So. 836, 840 (1935); Ryan's Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 162 So. 483, 487 (1935); General Guaranty Ins. Co. of Fla. v. DaCosta, 190 So.2d 211, 213 (3d D.C.A. Fla. 1966). Defendant in this case has filed with the Court his unsatisfied writs of execution and garnishment, as well as his affidavit that those writs are valid and remain unsatisfied.
The authority and duty of the Court to implead third persons is past question. Richard v. McNair, 121 Fla. 733, 164 So. at 840. Impleading those persons whose interest may be affected by the Court's rulings is necessary both to acquire jurisdiction over them, and to afford them the essential elements of procedural due process. Id., 121 Fla. 733, 164 So. at 840, 841; Ryan's Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 162 So. at 487, State ex rel. O'Dare v. Kehoe, 189 So.2d 268, 269 (3d D.C.A.Fla. 1966); Tomayko v. Thomas, supra, 143 So.2d at 229; Florida Guaranteed Securities, Inc. v. McAllister, 47 F.2d 762, 765 (S.D.Fla. 1931). Such impleading, however, does not imply liability on the part of the implied [sic] third persons. General Guaranty Ins. Co. of Fla. v. DaCosta, 190 So.2d at 214. It provides them with an opportunity to raise their defenses and protect their interests in a forum of genuine due process. Id.; Tomayko v. Thomas, 143 So.2d at 229, 230. The fundamentals of procedural due process are (1) a hearing (2) before *1243 an impartial decision-maker, after (3) fair notice of the charges and allegations, (4) with an opportunity to present one's own case. Goss v. Lopez, 419 U.S. 565, 578-79, 95 S.Ct. 729 [738], 42 L.Ed.2d 725 (1975); Fuentes v. Shevin, 407 U.S. 67, 80-82, 92 S.Ct. 1983 [1994-1995], 32 L.Ed.2d 556 (1972); Goldberg v. Kelly, 397 U.S. 254, 267-68, 90 S.Ct. 1011 [1020], 25 L.Ed.2d 287 (1970); Sniadach v. Family Finance Corp., 395 U.S. 337, 343, 89 S.Ct. 1820 [1823], 23 L.Ed.2d 349 (1969) (Harlan J., concurring); Schrank v. Bliss, 412 F. Supp. 28, 41 (M.D.Fla. 1976); Harper v. Cooper, 226 So.2d 878, 880 (4th D.C.A.Fla. 1969). The burden of proof reposes upon the judgment creditor to prove his claim to have judgment entered against the impled third parties, as if it had been entered against them personally in the original final judgment. Riley v. Fatt, 47 So.2d 769, 773 (Fla. 1950).
Consequently, the Court will grant defendant's motion to implead the corporate nonparties listed in its affidavit; and the Court will order those corporate third persons to show cause why the assets now in their possession or control, allegedly transferred to them by plaintiff, should not be declared fraudulently acquired, the transfers voided, and those assets levied upon to satisfy defendant's judgment.
See also Puzzo v. Ray, 386 So.2d 49 (Fla. 4th DCA), pet. for rev. denied, 392 So.2d 1378 (Fla. 1980), and Robert B. Ehmann, Inc. v. Bergh, 363 So.2d 613 (Fla. 1st DCA 1978).
Of course, all of the foregoing can be accomplished neatly if the judgment debtor and impled third parties are Florida residents. We can go further and extend the availability of the proceedings if a non-resident transferee of a fraudulent conveyance commits a tort in Florida in connection therewith. Section 48.193(1)(b), Florida Statutes (1979), expressly would subject the non-resident to the jurisdiction of Florida courts for the commission of a tortious act within the state.[4]
Here, the trial court, with continuing jurisdiction over Neff as trustee,[5] impled him individually. Yet the court had no pleadings before it which alleged Neff to be a Florida resident or that he, as an individual and non-resident, committed a tortious act in this state. We held in Cosmopolitan Health Spa, Inc. v. Health Industries, Inc., 362 So.2d 367, 368 (Fla. 4th DCA 1978):
In order to allow the assertion of in personam jurisdiction over a defendant outside the territorial reach of the courts of this state, a burden is imposed on the plaintiff to plead sufficient material facts to establish a basis for the exercise of such jurisdiction. If such jurisdiction over the person of the defendant is properly challenged by affidavit, the plaintiff must sustain its assertions by affidavit or other proof and may not rely on a mere reiteration of the allegations contained in the complaint. Georgia Savings and Loan Service Corp. v. Delwood Estates, Inc., 315 So.2d 237 (Fla. 1st DCA 1975). *1244 See also Dublin Company v. Peninsular Supply Co., 309 So.2d 207 (Fla. 4th DCA 1975).
(Emphasis added). See also Wynn v. Aetna Life Insurance Co., 400 So.2d 144 (Fla. 1st DCA 1981). We believe section 56.29 must be read in pari materia with section 48.193.
Appellees have failed to sustain their initial burden of pleading sufficient material facts to establish a basis for the exercise of the trial court's jurisdiction over appellant. Therefore, we reverse the trial court's order denying appellant's motion and remand with directions to enter an order granting same.
DOWNEY and ANSTEAD, JJ., concur.
NOTES
[1] The motion to implead was filed pursuant to Florida Rule of Civil Procedure 1.210(a) which provides in part:

Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause.
The entire content of the motion was as follows:
Plaintiffs, MILTON ADLER and MARTIN L. CARLIN, move to join John C. Neff, individually, and M. James Shaw, individually, pursuant to Rule 1.210 and show the Court that John C. Neff and M. James Shaw are indispensable parties to plaintiffs' Motion to Set Aside a fraudulent conveyance since they, in their individual capacities, were the recipients of the trust assets which were fraudulently disbursed. It is necessary that they be joined in this action in order that the Court have jurisdiction over them.
[2] The Tennessee notary public merely certified that appellee, known by him to be the person described in the instrument and who executed it, appeared before him and acknowledged that he executed it. See sections 92.50, 92.51 and 695.25, Florida Statutes (1979). The required jurat would have been the certificate of the notary public, before whom the affidavit was sworn, that it was sworn before him. See again sections 92.50 and 92.51 as well as 5 Bigham, Tennessee Practice § 1115. The difference between swearing to the truth and acknowledging execution is patent.
[3] Section 56.29 provides in part:

(1) When any sheriff holds an unsatisfied execution, the plaintiff in execution may file an affidavit so stating and that the execution is valid and outstanding and thereupon is entitled to these proceedings supplementary to execution.
... .
(5) The judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.
... .
[6](b) When any gift, transfer, assignment or other conveyance of personal property has been made or contrived by defendant to delay, hinder or defraud creditors, the court shall order the gift, transfer, assignment or other conveyance to be void and direct the sheriff to take the property to satisfy the execution. This does not authorize seizure of property exempted from levy and sale under execution or property which has passed to a bona fide purchaser for value and without notice. Any person aggrieved by the levy may proceed under ss. 56.16-56.20.
... .
(9) The Court may enter any orders required to carry out the purpose of this section to subject property or property rights of any defendant to execution.
[4] Sections 48.193(1), (1)(b) and (2) provide:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
(b) Commits a tortious act within this state.
(2) Service of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section may be made by personally serving the process upon the defendant outside this state, as provided in s. 48.194. The service shall have the same effect as if it had been personally served within this state.
Section 48.194 provides:
Personal service outside state.  Service of process on persons outside of this state shall be made in the same manner as service within this state by an officer authorized to serve process in the state where the person is served. No order of court is required. An affidavit of the officer shall be filed, stating the time, manner and place of service. The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made.
Appellant was apparently served in accordance with section 48.194.
[5] See Coral Contractors, Inc. v. Paul, 387 So.2d 554 (Fla. 5th DCA 1980).