CARROLL, DONALD K., Acting Chief Judge.
The defendant, I. M. Goodson, in an action for damages and her daughter, Donna G. Lockey (hereinafter referred to as Lockey), have taken this interlocutory appeal from an order entered by the Circuit Court for Duval County in post-judgment garnishment proceedings, holding that the appellants’ savings accounts in the garnishee bank are subject to the lien of the judgment obtained by the plaintiff in the main action.
The basic question presented for our determination in this interlocutory appeal is whether the said court, in entering the said order, deprived the appellants of their constitutional right to due process of law.
This question arose out of the following facts shown by the record:
In the main action the plaintiff secured a judgment against the defendant Goodson in the amount of $9060.00. A few days later, the plaintiff filed in the cause a motion for a writ of garnishment addressed to the Southside Atlantic Bank in the said county as garnishee, alleging that the garnishee bank held several savings accounts in the name of the defendant. The garnishee bank filed an answer admitting that it held several joint savings accounts, in the total amount of $3,364.36, subject to the right of survivorship, in the names of the defendant Goodson and the said Lock-ey, but that those accounts were not subject to the lien of the said judgment against the defendant only.
*75 The appellant Lockey was served with a notice of the writ of garnishment by the plaintiff, and in response to such notice Lockey filed a motion to quash or dismiss the writ and the proceedings in garnishment because of a lack of jurisdiction over her person, insufficiency of process, insufficiency of service of process, and failure to state a cause of action. The court held a hearing on Lockey’s said motion, together with all pending motions. Subsequent to the said hearing the said court entered the order appealed from herein denying Lockey’s motion to quash or dismiss and entering a final judgment for the plaintiff and against the garnishee bank in the sum of $3,364.36 “for all of which let execution issue.” The said order failed, however, to provide that Lockey should have a reasonable time, or any time, within which to file an answer or any other pleading on the merits in the garnishment proceedings. By so failing, we think that the court deprived Lockey of her constitutional right to due process of law.
In their appellate brief the defendant and Lockey cite authorities supporting their contention that a bank account held as a joint tenancy with the right of survi-vorship is not subject to garnishment after judgment against only one of the joint owners. These authorities are not, however, pertinent in our present consideration, for in the instant appeal we are concerned only with their right to make .this contention, not the validity of that contention.
The situation before us here is analogous to that existing if a defendant in a civil action should file a motion to dismiss a complaint on jurisdictional grounds and if the court should enter an order denying the motion and entering a final judgment against the defendant without allowing him time to file an answer on the merits. The court’s said ruling would obviously violate the defendant’s right to due process of law.
The clearest expression we have come across in Florida decisions concerning this constitutional right to an opportunity to be heard is found in the opinion of the District Court, Third District of Florida, in the case of Tomayko v. Thomas, 143 So.2d 227 (Fla.App.1962), that court saying:
“The protection afforded by the constitutional guarantees of due process of law extends, of course, into every type of legal proceeding. In observing due process of law the opportunity to be heard must be full and fair, not merely colora-ble or illusive.”
For the foregoing reasons the order appealed from in this interlocutory appeal must be, and it is, quashed, and the cause is remanded with directions for further proceedings consistent with the views here-inabove set forth.
Quashed and remanded with directions.
WIGGINTON and RAWLS, JJ., concur.