DOWNEY, Judge.
Having recovered a judgment against ap-pellee James N. Marr, appellant Gibson obtained a Writ of Garnishment against James N. Marr and Stuart National Bank.
The bank filed an answer to the writ reflecting four bank accounts, two of which it is conceded were tenancies by the entirety between Janies N. Marr and his wife, Rosemary F. Marr. The controversy in this case involves the two remaining accounts which were in the name of a business, styled The Pied Piper. The authorized signatures on the bank account signature cards are James N. Marr and Rosemary F. Marr. Marr presented testimony that all property owned by him and Rosemary, his wife, was held as tenants by the entirety. A fictitious name affidavit was also presented showing James and Rosemary as *1279 the owners of the business. Finally, a joint income tax return filed by James and Rosemary which reported the business income was placed in evidence. Based upon the foregoing evidence the trial court dissolved the writ of garnishment and Gibson perfected this appeal.
Each of the parties relies upon First National Bank of Leesburg v. Hector Supply Co., 254 So.2d 777 (Fla.1971), to support his contentions. In ruling in favor of Marr the trial court also relied upon the Leesburg case. Averting then to that case, we find the following announcement of the rule to be followed in determining whether a bank account is held as a tenancy by the entire-ties.
So long as a bank account contract or signature card is drafted in a manner consistent with the essential unities of the entireties estate, and so long as it contains a statement of permission for one spouse to act for the other, the requirements of form of the estate will have been met. However, since the form will be similar to that of a joint tenancy, and since the spouses may or may not intend that a tenancy by the entireties should result, the intention of the parties must be proven unless the instrument creating the tenancy clearly bears an express designation that the tenancy is one held by the entireties. [Emphasis omitted.] 254 So.2d at 781.
In our estimation the trial judge was quite correct in his application of the Lees-burg rule to the facts of this case. The account signature card in this case is perfectly consistent with a joint tenancy and the evidence of the parties’ intention that they intended all of their property (which, of course, includes this account) to be held by the entireties is unrebutted.
Accordingly, the order appealed from is affirmed.
AFFIRMED.
ANSTEAD and HURLEY, JJ., concur.