459 So.2d 1114 (1984)
Stephen P. ANTUNA, Bank Account Owner, Appellant,
v.
Frederick Vaughan DAWSON, John E. Malloy, Susan A. Malloy, His Wife, Jointly and Severally, and Savings of America, Garnishee, Appellees.
No. 84-454.
District Court of Appeal of Florida, Fourth District.
November 14, 1984.
Rehearing Denied January 4, 1985.
*1115 Richard A. Sherman of Law Offices of Richard A. Sherman, Fort Lauderdale, for appellant.
Alan W. Kaback, Coral Springs, for appellee  Frederick Vaughan Dawson.
Robert S. Zippin of Michelson & Zippin, P.A., Fort Lauderdale, for appellees  John E. Malloy and Susan A. Malloy, his wife.
*1116 Martin J. Alexander and Jeffrey Allan Hirsch of Holland & Knight, Fort Lauderdale, for appellee  Sav. of America.
HERSEY, Judge.
This is an appeal from orders denying post-judgment motions to intervene and for relief from judgment. A simultaneous attempt to appeal a final judgment in garnishment is untimely.
Dawson obtained a money judgment for breach of contract against Malloy and garnished Malloy's bank account with Home Savings of America. The bank's Answer of Garnishee indicated that the account was held by Malloy and appellant Antuna "as joint tenants with the right of survivorship." Antuna is not a resident of Florida. The only address for the account with the bank was the residence address of Malloy. Thus, while the garnishee bank attempted to give both depositors notice of the garnishment, the notices went only to Malloy's address. However, seven days prior to the date set for final hearing on the writ of garnishment, Antuna, briefly visiting in Florida, was served with several documents concerning the garnishment (which included notice of the hearing), "by a lady who jumped out of a car" as Antuna was leaving a bank at 5:20 in the afternoon. Because he was required to leave for Germany from Atlanta the next day, Antuna contacted the attorneys for Dawson, Malloy and the bank, apprising each of them of his dilemma. The following day he telephoned the court from Atlanta, leaving a message with the judge's secretary that the account in question was partially his and that he was leaving for Germany.
In Antuna's absence the matter came on for final hearing and based upon Malloy's testimony that he had a 100% interest in the bank account, a final judgment in garnishment was entered for the creditor.
Shortly thereafter, returning to the country and learning of the judgment, Antuna unsuccessfully moved for relief from the judgment and for permission to intervene in the garnishment proceedings.
The focus is on whether the requirements of due process have been met. The court had jurisdiction over the bank account (the property). Antuna had notice that a hearing would be held which would affect his asserted interest in that property. The applicable statute (discussed in the latter portion of this opinion) provided him with a means to ensure a hearing on the issue of his claim to an ownership interest in a portion of the fund, by simply filing an affidavit. Because of circumstances, he did not comply with this statutory requirement.
Several questions are raised: (1) Did Antuna have a protectable interest in the bank account and thus in the litigation? (2) Did Antuna waive his right to be heard by failing to comply with the statute? (This depends upon whether the notice was adequate under the statute and, if so, whether the scheme is infirm as denying due process when the claimant is required to defend without being given the opportunity to plead his defenses, conduct discovery and otherwise assert his ownership interest as a party to the lawsuit.) (3) Even if Antuna loses on all fronts of the initial inquiry, should he nonetheless have been given relief from the judgment under all of the factual circumstances?
The threshold question is one of standing. If, under Florida law, the funds in a joint bank account are available to answer for the debt of one of the joint depositors, then Antuna's attempts to intercede in the litigation are merely an exercise in futility in the absence of special circumstances giving rise to a claim of constructive or resulting trust or some other extraordinary remedy. He claims only a one-half interest by virtue of actual contribution to the account; thus, no unique remedy applies. The general rule is that "property which is not actually and in `good conscience' deemed to be owned by the debtor may not be secured by the judgment creditor. 38 C.J.S. Garnishment § 71 (1943); 6 Am.Jur.2d Attachment and Garnishment § 92 (1963)." Ginsberg v. Goldstein, 404 So.2d 1098, 1099 (Fla. 3d DCA 1981). In contrast, an account held by husband and wife as tenants *1117 by the entireties is beyond the reach of a creditor of either one of the tenants. Such funds are immune from garnishment except where the debt was incurred by both spouses. Gibson v. Marr, 395 So.2d 1278 (Fla. 4th DCA 1981). This seeming (but not actual) exception to the general rule exists because the law creates a conclusive presumption that each spouse owns the entire account subject to the other spouse's expectancy. No such presumption inheres in other forms of joint ownership. Antuna had an interest in the garnished bank account to the extent of his original contribution and pro rata share of accretions, if any, which could not be reached for application to the debt of his co-depositor. For variations, see Annot., 11 A.L.R.3d 1465 (1967). Thus, Antuna, having a protectable interest, has standing and is a real party in interest in the litigation.
It is a well-established principle that "before a final judgment authorizing the judgment creditor to reach the funds held by the garnishee is entered, the interests [of the joint depositor] in the funds should be conclusively determined and the applicable law applied thereto." Huckabee v. PIC Investigations Corp., 262 So.2d 474 (Fla. 3d DCA 1972).
Chapter 77, Florida Statutes (1983), provides the mechanism for raising the issue of whether one other than the judgment debtor has an interest in the account which the creditor seeks to subject to garnishment. This chapter provides for notice to be given to such a third party claimant who is, in turn, afforded the opportunity to assert his interest by filing an affidavit to that effect. He is then entitled to a hearing to determine the validity and extent of his interest. § 77.16, Fla. Stat. (1983). Such a procedure appears to comport with minimal due process requirements. As in a mortgage foreclosure where the court obtains jurisdiction over the real property (here the joint account), entitlement to that property may be adjudicated without obtaining in personam jurisdiction over adverse claimants, provided only that they are given notice and an opportunity to be heard. Georgia Casualty Co. v. O'Donnell, 109 Fla. 290, 147 So. 267 (1933); T.J.K. v. N.B., 237 So.2d 592 (Fla. 4th DCA 1970). The garnishment statute meets these minimal requirements and is therefore not facially unconstitutional. It remains to be determined whether application of the statute here amounts to "as applied" unconstitutionality.
Antuna was, in relation to this litigation, a third party. "[T]he rights of third parties may not be adjudicated unless such third parties have been first fully impleaded and as parties given an opportunity to adequately present their defenses, since these statutes must be enforced so as to afford due process." Tomayko v. Thomas, 143 So.2d 227, 229 (Fla. 3d DCA 1962). The court in Tomayko further criticized the trial court proceedings in that case by pointing out that "the opportunity to be heard must be full and fair, not merely colorable or illusive." Id. at 230. The court held that an opportunity should have been provided the third party to file defenses in writing. Another court has also found garnishment proceedings faulty on due process grounds for failure to allow a reasonable time within which to file an answer or other pleading. Goodson v. Caldreon, 265 So.2d 74 (Fla. 1st DCA 1972). For these same reasons we conclude that Antuna was deprived of due process on the facts of the present case. Even so, we do not jump from that conclusion to a reversal. The constitutional infirmity resides in the final judgment, not the post-judgment orders, and Antuna's notice of appeal comes too late as a frontal attack on the original proceedings.
We are left with the inquiry whether the issue can or should be reached by motion for relief under Rule 1.540(b), Florida Rules of Civil Procedure, which provides:
(b) Mistakes, Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, *1118 inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.
Writs of coram nobis, coram vobis, audita querela and bills of review and bills in the nature of a bill of review are abolished and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action.
In our view the motion for relief should have been granted. Antuna claims a one-half interest in the account. As an attorney he is presumed to know the law, and was in part justified in assuming that his interest would be revealed and therefore preserved at the final hearing. For whatever reason, the judgment debtor apparently testified that the money in the account was his own. We will not use convoluted reasoning to attempt to label this "mistake" or "inadvertence." We do hold that the circumstances fit within the spirit of the group of reasons constituting phrase (1) under subsection (b) of Rule 1.540. There also appears to be a basis for alleging that fraud and misrepresentation occurred within the contemplation of reason (3). In any event, Antuna should have been permitted to reopen the issues and to present his evidence in due course. Denial of the motion was therefore an abuse of discretion.
Accordingly, we reverse the post-judgment orders and remand this cause to the lower tribunal for further appropriate proceedings.
REVERSED and REMANDED.
HURLEY and BARKETT, JJ., concur.