NORTHCUTT, Judge.
H.B. London & Company intervened in a garnishment proceeding in which Richard Wiles was seeking to garnish a bank account of Tier Environmental Services, Inc. London now challenges the lower court’s final judgment of garnishment entered in Wiles’s favor. We reverse because the trial court violated London’s right to due process when it did not allow the company to present evidence in support of its claim that it had a priority interest in the garnished funds.
Wiles obtained a final judgment against Tier in January 1996. He then filed a motion for writ of garnishment, and served the Central Bank of Tampa, as garnishee. Central Bank answered the writ, stating that it was indebted to Tier in the sum of $35,000 and, further, that it knew of no other persons who might be indebted to Tier. Wiles then served notice on Tier, pursuant to section 77.055, Florida Statutes (1995). Tier moved to dissolve the writ of garnishment, asserting that the account at Central Bank was subject to London’s prior security interest. Wiles moved to strike Tier’s motion to dissolve as legally insufficient. After learning of the garnishment from Tier, London filed a motion to intervene in the proceeding. London alleged that it had lent Tier in excess of $300,000 in late 1994, and that the loan was guaranteed by a security interest in certain of Tier’s assets, including the funds at Central Bank that were subject to the writ. London sought to intervene for the purpose of asserting its priority claim to the funds.
London’s motion to intervene and Wiles’s motion to strike were considered at the same hearing. At that time, London’s counsel argued its right to intervene, and he described the basis of London’s claim. He recounted that London had executed a security agreement with Tier, and had filed a Uniform Commercial Code financing statement with *878 the Florida Secretary of State. London claimed that the funds on deposit at Central Bank were identifiable cash proceeds of the collateral Tier had pledged under the security agreement. The parties stipulated that London had properly filed its security documents, that Tier had defaulted under the terms of the agreement in June 1995, and that London had taken no action to collect the debt. London was prepared to present witnesses to support its position, but the court did not take evidence. At the conclusion of the hearing, the court took both motions under advisement. Three days later it issued two orders; one granting London’s motion to intervene in the garnishment proceeding, the other granting Wiles’s motion to strike Tier’s motion to dissolve the writ of garnishment. The latter order directed the garnishee, Central Bank, to pay the funds it held to Wiles. That order did not mention London’s claim. London filed a motion for rehearing or for clarification, which the court denied. The court entered a final garnishment judgment on March 29,1996.
Neither the order granting the motion to strike nor the final judgment of garnishment states a legal or factual basis for the court’s ruling that Wiles was entitled to the funds held at Central Bank. But the effect of the ruling was to deny London’s claim to a priority interest in the garnished funds.
We begin our discussion with the observation that in the briefs before this court, and presumably in the lower court as well, neither party discussed the ramifications of section 77.16, Florida Statutes (1995). That section provides that a third party who claims an interest in garnished property may assert that interest by filing an affidavit in the garnishment proceeding. London did not file the affidavit contemplated in the statute; it merely filed a motion to intervene in the garnishment action. Because Wiles has made no complaint about this, and therefore has waived any contention in this regard, we need not determine whether it was necessary for London to file an affidavit under the statute in order to intervene.
Wiles argues that the judgment should be affirmed because, as a matter of law, London’s security interest did not attach to the money in the bank account. He contends that under section 679.304, Florida Statutes (1995), a security interest in money may be perfected only by possession. Under Wiles’s interpretation of the law, it would have been unnecessary for the trial court to take evidence about London’s security interest because it was undisputed that London did not possess the funds. But Wiles’s argument ignores the language in section 679.804(1) that makes an exception to the possession requirement based on “subsections (2) and (3) of s. 679.306 on proceeds.” The relevant portions of these subsections provide:
(2) Except where this chapter otherwise provides, a security interest continues in collateral notwithstanding sale, exchange, or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor.
(3) The security interest in proceeds is a continuously perfected security interest if the interest in the original collateral was perfected, but it ceases to be a perfected security interest and becomes unperfected 10 days after receipt of the proceeds by the debtor unless:
* * * Hi * H*
(b) A filed financing statement covers the original collateral and the proceeds are identifiable cash proceeds....
§ 679.306(2), (3)(b), Fla. Stat. (1995).
In Aeronautics and Astronautics Services v. First Palm Beach International Bank, 471 So.2d 188, 190 (Fla. 3d DCA 1985), the court addressed an analogous issue: “under what conditions does a creditor who holds a perfected security interest in accounts receivable also hold a perfected security interest in cash proceeds accruing from the debtor’s collection of the accounts receivable?” The court looked to section 679.306(3)(b) and determined that the secured party would have a perfected interest in cash that could be traced to the accounts receivable. The Third District remanded the case for the trial court *879 to conduct an evidentiary hearing to determine the source of the cash proceeds.
We agree with the statutory interpretation in Aeronautics. Under the facts as so far alleged or stipulated in this case, London could have a priority interest in the money in the Central Bank account. But, by awarding the funds to Wiles at the same time that it permitted London to intervene in the garnishment proceeding, the lower court denied London an opportunity to prove its claim.
In Antuna v. Dawson, 459 So.2d 1114 (Fla. 4th DCA 1984), a judgment creditor garnished a bank account that was eo-owned by the judgment debtor and Antuna. Antuna’s ownership interest in the account was disclosed in the bank’s answer to the writ of garnishment, and the creditor attempted to give Antuna notice of the garnishment proceeding. Antuna actually learned of the proceeding only seven days before the final hearing, and only one day before he was to leave the country on a business trip. He immediately contacted the attorneys for the creditor, the debtor, and the bank, and advised them of his interest in the account. The next day, he left on his trip. The final hearing proceeded without Antuna. Based on the debtor’s testimony that he owned all of the funds in the account, the court awarded the creditor a final judgment in garnishment.
The First District held that the proceeding violated Antuna’s right to due process. “[T]he rights of third parties may not be adjudicated unless such third parties have been first fully impleaded and as parties given an opportunity to present their defens-es_” 459 So.2d at 1117 (quoting Tomayko v. Thomas, 143 So.2d 227, 229 (Fla. 3d DCA 1962)).
Accordingly, we reverse the final judgment of garnishment and remand to the trial court to conduct an evidentiary hearing on London’s claim. Because no evidence was previously presented to the lower court, we have no opinion on the validity of the claim. We note that London has the burden both of proving it has a perfected security interest in Tier’s collateral, and of demonstrating that the funds in the Central Bank account are identifiable cash proceeds of the sale of that collateral. Cf. Universal C.I.T. Credit Corp. v. Thursbay Chevrolet Co., 136 So.2d 15, 18 (Fla. 1st DCA 1961) (under Uniform Trust Receipts Act, creditor must identify and trace proceeds).
Reversed and remanded for further proceedings.
SCHOONOVER, A.C.J., and FRANK, J., concur.