WEBSTER, Judge.
Appellant seeks review of an order dissolving a continuing writ of garnishment. Because the trial court failed to make findings critical to the issue of whether the writ should be dissolved, we reverse and remand for further proceedings.
Appellant obtained a money judgment against appellee McCoy in 1995. In 1996, it sought to garnish funds in an account at appellee Barnett Bank in the names of McCoy and his wife. After the writ of garnishment had been issued, McCoy moved to dissolve the writ because the account was held by him and his wife as tenants by the entireties. Following a hearing, the trial court entered an order dissolving the writ. Its sole justification for doing so was that the account was a tenancy by the entireties and that, as such, it could not be garnished in an effort to satisfy the judgment against McCoy, individually.
Appellant does not dispute that the account is held by the entireties. Rather, it argues (as it did in the trial court) that such a fact is not determinative of its right to garnish the funds. Appellant’s position is that the funds in the account were paid to McCoy after the judgment had been entered, in satisfaction of a debt owed to him, individually; that treating the funds as entireties assets would work a fraud on it; and that, therefore, equity requires that the funds be recognized as belonging to McCoy, alone, notwithstanding their presence in an entire-ties account.
For garnishment purposes, funds on deposit in a financial institution are presumed to belong to the person or entity named on the account. Ginsberg v. Goldstein, 404 So.2d 1098 (Fla. 3d DCA 1981). However, this presumption is not conclusive. Id. The determinative issue is where the equitable, as opposed to the bare legal, title to the funds resides. Id. Moreover, “[t]he law is clear that a debtor may not transfer property owned by himself, individually, to himself and his wife as tenants by the entire-ties if such a transfer will defraud creditors by putting that property beyond the creditors’ reach.” Valdivia v. Valdivia, 593 So.2d 1190, 1192 (Fla. 3d DCA 1992).
Appellant’s response to McCoy’s motion to quash the writ was that the funds in the account had been paid to McCoy, individually, after the judgment had been entered, to satisfy a debt owed to McCoy, individually. Appellant argued that, by depositing those funds into the entireties account, the intent had been to put the funds beyond its reach and, thereby, to defraud it. Assuming those claims to be true, it would appear that appellant would be entitled to garnish the funds, notwithstanding their presence in an entire-ties account. However, the trial court failed to make findings on any of these critical issues. Accordingly, we are unable to determine whether its decision to dissolve the writ was correct. Therefore, we reverse and re *950 mand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
LAWRENCE and DAVIS, JJ., concur.