FARMER, J.
We reverse three determinations in proceedings to collect a money judgment. First, we hold that it was error to dissolve the writ of garnishment. The judgment creditor, who is the garnishor, demanded a jury trial on the claimant’s contention that the funds in the bank account subjected to the writ of garnishment belonged solely to it and not to the judgment debtor. When the garnishor demands a jury on this issue, the statutes require the judge to empanel a jury to try the issue of ownership of the property sought to be garnished. See § 77.16(1), Fla. Stat. (2001) (“If any person other than defendant claims that the debt due by a garnishee is due to that person and not to defendant, or that the property in the hands or possession of any garnishee is that person’s property and shall make an affidavit to the effect, the court shall impanel a jury to determine the right of property between the claimant and plaintiff unless a jury is waived.”). Upon remand the trial judge shall empanel a jury to try the issue.
The award of attorney’s fees to the claimant was also in error. Because the writ of garnishment was improperly dissolved without empaneling a jury to try the factual dispute as to ownership of the property subject to the writ of garnishment, it was improper to make any final determination in this garnishment dispute. See § 77.28, Fla. Stat. (2001) (“On rendering final judgment, the court shall determine the garnishee’s costs and expenses, including a reasonable attorney’s fee, and in the event of a judgment in favor of the plaintiff, the amount shall be subject to offset by the garnishee against the defendant whose property or debt owing is being garnished.” [e.s.]). Even more important, the only statute authorizing an award of attorney’s fees in these garnishment proceedings, section 77.28, Florida Statutes (2001), does not authorize an award for a claimant who is not the garnishee. See All Am. Semi-Conductor, Inc. v. Ellison Graphics Corp., 594 So.2d 342 (Fla. 4th DCA 1992) (noting that garnishee was *245 not an innocent stake holder drawn into a controversy thus entitled to fees, but resisted the writ of garnishment on its own behalf). In any event, such an award can be made, if at all, only “on rendering final judgment” in the garnishment proceeding.
Finally it was error to enter a protective order against a deposition of the party claiming the funds in the bank account subject to creditor’s writ of garnishment. Florida law allows a judgment creditor to have liberal rights of discovery in aid of execution. See § 56.29, Fla. Stat. (2000), esp. subsections (4) (“Testimony shall be under oath, shall be comprehensive and cover all matters and things pertaining to the business and financial interests of defendant which may tend to show what property he or she has and its location. Any testimony tending directly or indirectly to aid in satisfying the execution is admissible. A corporation must attend and answer by an officer who may be specified in the order. Examination of witnesses shall be as at trial and any party may call other witnesses.”) and (9) (“The court may enter any orders required to carry out the purpose of this section to subject property or property rights of any defendant to execution.”). The civil rules also provide for depositions of parties claiming to own property that is, or ought to be, subject to a judgment creditor’s writ of execution. See Fla. R. Civ. P. 1.560(a) (“In aid of a judgment, decree, or execution the judgment creditor or the successor in interest, when the interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.”). Under section 56.29, Florida Statutes (2001), the trial judge could even require that discovery depositions take place before a Master, which means that the claimant in this case could be required to be examined in Broward County where the final judgment was registered and the garnishment proceeding is pending.
REVERSED AND REMANDED FOR CONSISTENT PROCEEDINGS.
TAYLOR, J„ and GRIMES, HUBERT. L., Associate Judge, concur.