*556
 
 GRIFFIN, J.
 

 Appellant, William Green, Sr. [“Green Sr.”], appeals an order dismissing his “petition of claim” in this Title IV-D child support enforcement proceeding brought by the Department of Revenue [“DOR”] against his son, William Green, Jr. [“Green Jr.”]. Green Sr. contends that he is entitled to an evidentiary hearing on his petition in which he claims that he is the true owner of funds in a Fifth Third Bank Account (“the garnished bank account”) held in Green Jr.’s name only.
 

 DOR established paternity and child support against Green Jr. in the late 1990’s. He was ordered to pay $80 per week for child support. Green Jr. was found in contempt for non-payment of child support numerous times and as of March 17, 2009, he was $18,204.40 in arrears. As a result of his arrears, DOR filed its notice of intent to levy on the garnished bank account. The notice of intent to levy stated: ‘You are hereby notified that you may contest the agency’s action to levy on the above referenced property. You may do so by either filing a petition in the existing Circuit Court case, in the Florida county with jurisdiction over the child support care, or by requesting an administrative hearing....” The notice also stated: “NOTICE TO A NONOBLI-GOR JOINT OWNER: If you claim you have -an equal right to all of the money levied upon in a joint account, these hearing rights apply to you.”
 

 Green Sr. filed an unverified petition in the current DOR proceeding. The petition alleged that “[t]he funds in the Fifth Third Bancorp account belong to [Green Sr.]. [Green Sr.] is 87 years old.” The petition alleged further that the funds in the garnished bank account were proceeds from a reverse mortgage taken out on Green Sr.’s homestead, and the funds were to be used solely for the benefit of Green Sr. The petition also stated that Green Sr. did not intend to make a gift of the proceeds of the reverse mortgage to Green Jr., or any other person, nor did Green Sr. intend to give Green Jr. any right, title or interest in the funds in the garnished bank account. Lastly, the petition claimed that the proceeds from the reverse mortgage of Green Sr.’s homestead were protected by the Florida Constitution Article X, Section 4. The petition did not allege that Green Sr. was co-owner, co-tenant, or joint owner of the garnished bank account. Green Jr. never challenged the garnishment action, nor did he file any pleadings or affidavits supporting his father’s claim to be the actual owner of the funds in the garnished bank account.
 

 In response to Green Sr.’s petition, DOR filed a motion to dismiss, asserting that Green Sr. was not a party to the case and lacked standing to file any pleadings or to request discovery in the case.
 

 A hearing was held on DOR’s motion to dismiss. There was no dispute at the hearing that the garnished bank account was solely in Green Jr.’s name. DOR relied upon section 409.25656(8), Florida Statutes, for the proposition that only the obligor may contest the levy and that Green Jr. had not filed any objection to the levy. DOR pointed out that the money claimed by Green Sr. was in the possession and control of Green Jr., that the account was solely in Green Jr.’s name and social security number.
 

 Green Sr. relied on rule 12E-1.028 of the Florida Administrative Code, which implements section 409.25656(8), and which extends the right to notice and a hearing to the joint owner of an account. The rule defines joint owner as “a person who co-owns an asset with the obligor.” Green Sr. further pointed out that paragraph (9) of 12E-1.028 provides that when
 
 *557
 
 a levy is against an obligor’s jointly owned assets, DOR must provide the same notice and opportunity for a hearing to a joint owner as DOR provides to the obligor. Green Sr. also relied on cases arising under Chapter 77.16, Florida Statutes, which provides a procedure for resolution of third-party claims to property held by a garnishee. Such a person claiming ownership may contest a levy on a bank account, even if not named on the account, by filing an affidavit of ownership. In such a case, where the facts are in dispute, an eviden-tiary hearing is required to determine ownership of the property.
 
 See RPS, Inc. v. Travel Max Int’l Inc.,
 
 823 So.2d 243, 244 (Fla. 4th DCA 2002).
 

 It is a basic principle of garnishment law that property which is not actually and in “good conscience” owned by the debtor may not be secured by a judgment creditor.
 
 Ginsberg v. Goldstein,
 
 404 So.2d 1098, 1099 (Fla. 3d DCA 1981). “For garnishment purposes, funds on deposit in a financial institution are presumed to belong to the person or entity named on the account.”
 
 Thomas J. Konrad &
 
 Assoc.,
 
 Inc. v. McCoy,
 
 705 So.2d 948, 949 (Fla. 1st DCA 1998)
 
 (citing Ginsberg,
 
 404 So.2d at 1099). However, this presumption is not conclusive.
 
 Id.
 
 The determinative issue is where the equitable, as opposed to the bare legal, title to the funds resides.
 
 Id.
 

 The underlying facts of this ease are analogous to the Third District’s decision in
 
 Ginsberg.
 
 There, an ex-wife tried to garnish her ex-husband’s bank account. The bank account, solely in his name, contained insurance proceeds collected for a statue that had belonged to the ex-husband’s current wife. The
 
 Ginsberg
 
 court held that the ex-wife could not garnish the proceeds because they actually belonged to the current wife and were being held in trust for her. Although the court stated that the ex-husband had an insurable interest in the statue, his interest did not affect the question of who, as between himself and his current wife, actually owned the proceeds. 404 So.2d at 1101.
 

 In this case, the trial court determined that, for the purpose of the pending chapter 409 proceeding, its focus should be on what a “joint owner” means. The court concluded that Green Sr. was not a joint owner since he was not a signatory on the bank account and accordingly dismissed the petition.
 

 On appeal, Green Sr. again asserts that he qualifies as a “joint owner” of the account under rule 12E-1.028 who is entitled to pursue his claim to the funds in Green Jr.’s bank account by filing an unsworn petition in the current 409 proceeding. DOR’s position on appeal is that Green Sr. does not qualify as a “joint owner” of the account entitled to press his claim under the rule. DOR posits that Green Sr.’s remedy lies in Section 77.16, Florida Statutes; however, because Green Sr. has never filed the affidavit required under that statute, he cannot pursue chapter 77 relief either.
 

 There is no doubt that Green Sr. has a right of access to the courts to assert that the monies in the garnished bank account are his. Section 77.16, Florida Statutes, is designed for that purpose. The only question is whether he can also do so by filing an unsworn petition in a pending Chapter 409 proceeding.
 

 Section 409.25656 is a statute intended to authorize DOR to garnish the personal property of one owing child support.
 
 See
 
 § 409.25656, Fla. Stat. (2010) (entitled “Garnishment”). DOR adopted Rule 12E-1.028(9), under which a joint owner of an account has the same rights to notice and to contest the levy as the obli-gor, presumably to promptly resolve any claim of right by anyone else who might be
 
 *558
 
 identified as a joint holder of the account. Examination of the entire rule, however, suggests that the rule contemplates a person who is identified as a joint owner in the bank’s records; hence, there is a duty on DOR’s part to give notice and an opportunity for a hearing to joint owners. DOR could only meaningfully comply with that requirement if it could determine a possible claim of ownership from the account documents. For anyone not identified in bank records as a joint owner, the remedy lies in section 77.16.
 

 We see no statutory or rule impediment to a hearing conducted in a chapter 409 garnishment proceeding to resolve third-party claims of ownership of funds in an account held by a child support obligor, so long as the requirements of section 77.16 are met. The monies in the bank account in Green Jr.’s name presumptively belong to Green Jr., subject to the right of Green Sr. to establish, through sufficient allegations made under oath and proved in an evidentiary hearing, that the money in the account is his. In this regard, there is no reason to distinguish this type of proceeding from other garnishments and the importance of resolving such third-party claims within the garnishment action is manifest. The filing of a legally sufficient affidavit will give rise to the right to a hearing in the Chapter 409 proceeding.
 

 We find that Green Sr.’s claim, as presently set forth, is not legally sufficient for two reasons. First, it is unsworn. Second, the petition merely alleges in con-clusory terms that the money in Green Jr.’s account belongs to him and that the money came from a reverse mortgage on his home. It does not allege any facts to explain why he is the rightful owner of monies that are held by Green Jr., in an account solely in his own name. Nor does he plead a legal basis to claim ownership of funds held by his son. If Green Sr. can overcome the presumption that the funds in Green Jr.’s bank account belong to Green Jr., by setting forth a legally sufficient basis to claim the funds, and if he can establish by substantial competent evidence that the funds are his, they are not subject to DOR’s levy.
 

 REVERSED and REMANDED.
 

 ORFINGER and TORPY, JJ., concur.