DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**BRANCH BANKING AND TRUST COMPANY,** a North Carolina banking
corporation, as successor-in-interest to Colonial Bank by asset
acquisition from the FDIC as Receiver for Colonial Bank,
Appellant,

v.

**ARK DEVELOPMENT/OCEANVIEW, LLC,** a Florida limited liability
company, **JOSEPH KODSI**, individually, **SKD ACQUISITION CORP.**, a
Florida corporation, d/b/a **ABSOLUTE POWDER COATING**, and **LAE
NYY, LLC**, a Florida limited liability company, **STONE PROFILES (I)**,
**LLC**, a Delaware limited liability company, **SMITH & SONS
CONSTRUCTION OF FLORIDA, LLC**, a Florida limited liability company,
and **MICHAEL WALL PLUMBING SERVICES, INC.**, a Florida
corporation,
Appellees.

Nos. 4D14-0046 and 4D14-1925

[October 8, 2014]

Consolidated appeals of a final and non-final order from the Circuit
Court for the Seventeenth Judicial Circuit, Broward County; John J.
Murphy, III, Judge; L.T. Case No. 10040842 (21).

Christopher D. Donovan, W. Glenn Jensen and Shayne A. Thomas of
Roetzel & Andress, LPA, Orlando, for appellant.

Howard D. DuBosar and Robert C. Sheres of DuBosar Navon, PLLC,
Boca Raton, for appellee Amy Kodsi.

WARNER, J.

Branch Banking and Trust Company ("BB&T") appeals a summary
judgment order dissolving a writ of garnishment directed at a bank
account owned by Amy Kodsi, the wife of BB&T's judgment debtor, Joseph
Kodsi. The trial court held that the evidence was conclusive that the wife,
Amy, was the owner of the account and that it was not funded with monies
from her husband, Joseph, and BB&T had not submitted any evidence to

show that Joseph Kodsi had any equitable interest in the account. We agree and affirm.

BB&T secured a final money judgment against Joseph Kodsi and several companies associated with Joseph in August of 2011. Amy was not a party to the judgment. Attempting to collect on the judgment, BB&T served four writs of garnishment on Bank of America. Bank of America answered and identified three bank accounts and one safety deposit box which might be the subject of the writs. This appeal involves only the account ending in 8070. Bank of America set aside funds from that account, because the name on the account read "AMY KODSI POA JOSEPH KODSI ITF JOSEPH KODSI." Shortly thereafter, Amy revoked the power-of-attorney and removed Joseph as a beneficiary of the account.

Pursuant to section 77.16, Florida Statutes (2013), Amy filed an affidavit alleging the funds in the 8070 account had been improperly garnished because they belonged to her and not her husband. BB&T filed a sworn statement objecting to Joseph's claim of exemption as to some of the accounts. In this statement, BB&T did not allege that the funds in account 8070 were fraudulently transferred or are equitably the funds of Joseph.

Amy moved for summary judgment as to the garnishment of the 8070 account. She included depositions given by her and Joseph as well as affidavits from both spouses. In sum, the affidavits stated that she was the sole owner of the account, which was funded by income from two rental properties owned by her and Joseph as tenants by the entireties. She also supplied an affidavit from a Bank of America representative, which attached the account signature cards and the Bank of America's policies as to those accounts.

BB&T opposed summary judgment on the grounds that there were genuine disputes of fact regarding the ownership and control of the 8070 account. It claimed, for the first time, that it was reasonable to infer that Joseph owned certain funds transferred into Amy's account, although it did not allege the source of such funds. It did not file any affidavits to support its response, relying instead on Joseph and Amy's depositions.

Amy filed a reply contending that BB&T was creating false ambiguities in her testimony and that the general source of funds in the account was undisputed. She argued BB&T had not brought forth any evidence to contradict her ownership of the funds.

The trial court granted Amy's motion for summary judgment as to the garnishment of the 8070 account. It found that, because BB&T was a creditor only of Joseph and not of Amy, BB&T was only "entitled to garnish property owned exclusively by or due exclusively to Joseph Kodsi," relying on section 77.01, Florida Statutes (2013), and *Ginsberg v. Goldstein*, 404 So. 2d 1098 (Fla. 3d DCA 1981). It found BB&T had:

> failed to submit any evidence to contradict the evidence submitted by Amy Kodsi which establishes that the Account is owned by Amy Kodsi and that the funds therein belong to Amy Kodsi. Moreover, [appellant] has failed to submit any evidence to establish that the Account or the funds therein belong exclusively to Joseph Kodsi such that they are subject to garnishment by [appellant].

From this ruling, BB&T appeals.

Review of an order granting summary judgment is *de novo*. *Gomez v. Fradin*, 41 So. 3d 1068, 1071 (Fla. 4th DCA 2010). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000).

A judgment creditor has the right to garnish

> any debt due to defendant [i.e., the judgment debtor] by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person.

§ 77.01, Fla. Stat. (2013). A judgment creditor may serve such a writ of garnishment on a garnishee, such as a bank. *See* § 77.06(1), Fla. Stat. (2013). If a third party claims the property belongs to him, rather than the judgment debtor, he can file an affidavit to this effect. *See* § 77.16(1), Fla. Stat. (2013). Amy filed such an affidavit, claiming full ownership of the funds.

We agree with the trial court that the evidence is uncontradicted that Amy is the title holder to the account. The POA and ITF designations did not give Joseph an ownership interest in the account. The signature card Amy signed when she added the POA and ITF designations indicated the account was still an "individual" account, as opposed to a joint account

3

with survivorship or a tenancy by the entireties. Additionally, the Bank of America deposit agreement and disclosures effective at that time provided, "If more than one person's name appears in the title of an account *without a fiduciary, beneficiary or other designation*, then the account is a joint account." (Emphasis added). Here, there were other designations, meaning it did not become a joint account. Based upon the account documents, Amy was the sole owner of the account.

The trial court correctly cited to *Ginsberg v. Goldstein*, 404 So. 2d 1098 (Fla. 3d DCA 1981), which held: "For the purposes of garnishment a bank deposit prima facie belongs to the person in whose name it stands . . . ." *Id.* at 1099 (quoting 38 C.J.S. Garnishment § 80 (1943)). Relying on this language, other district courts have held, "For garnishment purposes, funds on deposit in a financial institution are presumed to belong to the person or entity named on the account." *Green v. Dep't of Revenue ex rel. Williams*, 78 So. 3d 555, 557 (Fla. 5th DCA 2011) (quoting *Thomas J. Konrad & Assocs., Inc. v. McCoy*, 705 So. 2d 948 (Fla. 1st DCA 1998)). Not only did the account documents show that the account belonged to Amy, BB&T did not produce any evidence to rebut this presumption.

BB&T mainly claims that Joseph may have had some equitable interest in the funds or that a fraudulent transfer has occurred which could have been derived from Joseph's funds. It argues that to obtain summary judgment, Amy must prove both her legal ownership of the funds as well as conclusively refute any allegation that the funds in her account may have been the result of a fraudulent transfer. Although it has been held that a garnishor may use garnishment to obtain funds fraudulently transferred to a third party, it is the *garnishor's* burden to prove that the property garnished was the property of the debtor. *Nat'l Car Rental Sys., Inc. v. Bruce A. Ryals Enters., Inc.*, 380 So. 2d 529, 530 (Fla. 5th DCA 1980).[1]

Amy moved for summary judgment and produced evidence showing her sole title to the account. She and Joseph also testified that the transfers

---

[1] In *Beal Bank, SSB v. Almand and Associates,* 780 So. 2d 45 at 59 (Fla. 2001), the supreme court expressed doubt that the garnishment action in that case was the appropriate means for a creditor to challenge fraudulent transfers, noting, "Concerns such as preventing fraud on creditors or fraudulent transfers . . . are more properly addressed by those statutes that prevent fraudulent transfers; for example, the Uniform Fraudulent Transfer Act, found in chapter 726 of the Florida Statutes. *See* §§ 726.101-.201, Fla. Stat. (2000)." *Id.* In this case, BB&T has already filed such an action against Amy and Joseph.

BB&T questioned were either proceeds from two named rental properties they held as tenancies by the entireties or proceeds from investments owned solely by Amy. Thus, they did present evidence of the source of the funds. BB&T came forth with no evidence to show that a genuine issue exists that Joseph solely owned funds which were transferred into Amy's account.

Assuming, without deciding, that Amy had the obligation on summary judgment to refute BB&T's unpled claim that the monies in the account equitably belonged to Joseph or were the subject of a fraudulent transfer, Amy met that burden.

> A movant for summary judgment has the initial burden of demonstrating the nonexistence of any genuine issue of material fact. But once [the movant] tenders competent evidence to support [the] motion, the opposing party must come forward with counterevidence sufficient to reveal a genuine issue. It is not enough for the opposing party merely to assert that an issue does exist.

*Landers v. Milton*, 370 So. 2d 368, 370 (Fla. 1979). Amy and Joseph both testified that the funds in the 8070 account came from income generated from Amy and Joseph's rental properties, held as tenancies by the entirety. Funds owned by a husband and wife as tenants by the entireties are "beyond the reach of a creditor of either one of the tenants. Such funds are immune from garnishment except where the debt was incurred by both spouses." *Antuna v. Dawson*, 459 So. 2d 1114, 1116-17 (Fla. 4th DCA 1984); *see also Beal Bank*, 780 So. 2d at 53. Therefore, as those funds were deposited into Amy's account, they never became the solely owned property of Joseph and thus would not be subject to garnishment for his debts.

Because Amy submitted evidence to support her motion for summary judgment, BB&T was required to come forward with evidence to reveal a genuine issue of fact as the ownership of funds. It had to submit something to show Joseph's sole ownership of the funds transferred into Amy's account, which would suggest a fraudulent transfer, or his equitable ownership in such funds. All BB&T points to is some confusion in the testimony of Joseph and Amy, including Amy's lack of knowledge about the specifics of some of the transfers. None of these discrepancies amount to either Amy or Joseph making conflicting statements as to the source of the funds. They testified consistently that the sources were their two rental properties held as tenants by the entirety or Amy's individual investments. BB&T has not presented any counterevidence to show that

a genuine issue exists and that the funds come from Joseph's solely owned assets. Suspicion does not constitute evidence.

The cases cited by BB&T are distinguishable, as in those cases the judgment creditor provided evidence that the funds in the joint account came from a source solely in control of the judgment debtor. For instance, in *Ellis Sarasota Bank and Trust Co. v. Nevins*, 409 So. 2d 178 (Fla. 2d DCA 1982), the judgment creditor garnished an account held as tenants by the entirety between the judgment debtor and his wife. The evidence was undisputed, however, that the funds in the account came from the husband's salary and therefore were his own, individual funds. *Id.* at 179. The disputed issue of fact was the intent of the parties in setting up the account after the judgment against the husband. *Id.* at 180.

Similarly, in *Thomas J. Konrad and Associates, Inc. v. McCoy*, 705 So. 2d 948 (Fla. 1st DCA 1998), the creditor obtained a judgment against the debtor and garnished a joint account. In response to a motion to dissolve the writ of garnishment, the creditor responded that the funds in the account had been received by the debtor in satisfaction of a debt due to the debtor alone. The intent in depositing those funds in a joint account was to put them beyond the reach of the debtor's judgment creditor. *Id.* at 949. Thus, the creditor had identified a source of funds owned solely by the judgment debtor.

In this case, in contrast, BB&T has not alleged or identified any source of funds which were solely the property of the judgment debtor, as the creditors did in *Konrad* and *Ellis*. It notes that at one time Joseph owned a lot of corporations, but it never tied them to any monies available at the time the 8070 account was opened. If BB&T simply had stated in a pleading that the account may have been funded from other sources owned by Joseph alone, it would be legally insufficient to assert a fraudulent transfer. *Cf. Green*, 78 So. 3d at 558. We conclude that the trial court did not err in entering summary judgment for Amy.

We note, however, that while this case was on appeal from the non-final order dissolving the writ of garnishment, the trial court entered a final judgment in Amy's favor. The court was without jurisdiction to do so. *See* Fla. R. App. P. 9.130(f); *Garcia-Lawson v. Lawson*, 82 So. 3d 137, 137 (Fla. 4th DCA 2012) ("[A] trial court lacks jurisdiction to render a final order while an appeal from a non-final order in the same case is pending and, if the trial court does so, the final order is a nullity."). On remand, the court is directed to re-enter the final judgment, as the non-final appeal of the order dissolving the garnishment writ has been resolved by this opinion.

*Affirmed.*

STEVENSON and GERBER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***