May, J.
The owner[1] of a garnished bank account appeals an order denying his motion to vacate a final judgment in garnishment. He raises three issues, one of which has merit. In his third issue, the owner argues the trial court erred in denying his motion to vacate the final judgment of garnishment. We agree. There was no evidence to rebut the owner’s claim of sole ownership of the account garnished. We therefore reverse.
A final judgment of foreclosure was entered against the debtor, Carol Perfect, who is the girlfriend of the owner. The sale of the girlfriend’s property resulted in a deficiency, for which the creditor obtained a judgment. The creditor then moved for a writ of garnishment against an account at Bank of America (the “garnishee”). The account was in the name of the owner Donald Standbro and Carol Perfect Revocable Trust, Donald L. Stanbro & Carol R. Perfect, Trustee. The trial court granted the motion. The garnishee answered the writ listing two accounts, one of which is at issue. The garnishee also questioned the propriety of garnishing the trust account.
The owner was not involved in the foreclosure. He is however the sole trustee of the trust, which maintained the account at the garnishee. The owner claimed he contributed all monies in the account other than the debtor’s one time deposit of $8.90.
The garnishee listed the account as:
Donald Standbro and Carol Perfect Revocable Trust
Donald L. Stanbro <& Carol R. Perfect, Trustee
2110 Congressional Way
Deerfield Beach, FL 33442-9172
The revocable trust named on the account identified the owner as the sole trustee, and the debtor as a successor trastee. The first line of the trust agreement provided that it is “by and between [the owner] AND CAROL R. PERFECT, hereinafter called the Grantors, and [the owner], hereinafter called the Trustee.” It later provides: “In the event of the death or incapacity of [the owner], Carol R. Perfect *927 shall be the Successor Trustee. At the end of the agreement, it states that “the word ‘Trustee’ or ‘Trustees’ shall mean all Trustees and Successor Trustees, if there are more than one, unless the context clearly indicates otherwise.”
The owner moved to dissolve the writ of garnishment as a party in interest as trustee. A senior judge conducted an evidentia-ry hearing and denied the motion to dissolve. The trial court then entered final judgment in garnishment. The owner moved to vacate the final judgment, which the trial court denied. From this order, the owner now appeals.
The owner argues the trial court erred in denying his motion to vacate the final judgment in garnishment when the creditor failed to rebut his proof that the debtor had no interest in the bank account. We agree and reverse.
Before a final judgment in garnishment is entered, the trial court should conclusively determine the interests in the funds and the applicable law thereto. Antuna v. Dawson, 459 So.2d 1114, 1117 (Fla. 4th DCA 1984). “[Property which is not actually and in good conscience deemed to be owned by the debtor may not be secured by the judgment creditor.” Id. at 1116 (quotation marks omitted).
For garnishment purposes, funds in a bank account are presumed to belong to the person in whose name it stands. Branch Banking and Trust Co. v. ARK Dev./Oceanview, LLC, 150 So.3d 817, 820 (Fla. 4th DCA 2014). When the account contains more than one name and a third party named on the account claims ownership of the account’s funds, the garnishor must prove that the garnished funds belong exclusively to the debtor. Id. at 819-20 (“[I]t is the garnishor’s burden to prove that the property garnished was the property of the debtor.”).
Here, the account name was listed as the owner and Carol Perfect Revocable Trust. This identified both the owner and the debtor, but significantly, the trust document shows that the owner was the sole trustee. The only evidence presented shows that the owner deposited the funds in the bank account, with the exception of $8.90.
In short, the creditor failed to rebut the evidence establishing that the account, and the monies in it, belonged exclusively to the owner, not the debtor, and therefore was not subject to garnishment. The trial court erred in denying the motion to vacate the final judgment. We therefore reverse and remand the case to the trial court to vacate the final judgment in garnishment.

Reversed and remanded.

Gross and Damoorgian, JJ., concur.

. The subject bank account is in the name of a Trust, for which the owner is the sole trustee. The term “owner” is used for ease of reference.